EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Ramón L. Nieves Vázquez<br>José D. Miranda Irizarry<br>Ana B. Ramos Colón<br>Joseph Reillo Ray | 2016 TSPR 22<br><br>194 DPR ____ |

Número del Caso: TS-9026
                 TS-13731
                 TS-14037
                 TS-15545


Fecha: 4 de febrero de 2016


Programa de Educación Jurídica Continua

        Hon. Geisa Marrero Martínez
        Directora Ejecutiva



Materia: Conducta Profesional –

**TS-9026**
La suspensión será efectiva el **5 de febrero de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata

**TS-13731**
La suspensión será efectiva el **5 de febrero de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata


**TS-14037**
La suspensión será efectiva el **5 de febrero de 2016,** fecha en que se le notificó por correo a la abogada de su suspensión inmediata

**TS-15545**
La suspensión será efectiva el **5 de febrero de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re:* | | |
|---|---|---|
| Ramón L. Nieves Vázquez | | TS-9026 |
| José D. Miranda Irizarry | | TS-13731 |
| Ana B. Ramos Colón | | TS-14037 |
| Joseph Reillo Ray | | TS-15545 |

*PER CURIAM*

San Juan, Puerto Rico, a 4 de febrero de 2016

En esta ocasión, nos corresponde ordenar la suspensión inmediata e indefinida de varios miembros de la profesión legal como resultado de su reiterado incumplimiento con los requisitos del Programa de Educación Jurídica Continua (PEJC), los requerimientos de este Tribunal, y por no mantener su información personal actualizada en el Registro Único de Abogados y Abogadas del Tribunal Supremo (RÚA).

**I**

**A. TS-9026**

El Lcdo. Ramón L. Nieves Vázquez fue admitido al ejercicio de la abogacía el 1 de julio de 1988 y al ejercicio de la notaría el 28 de agosto de 1992.[1] El 1 de octubre de 2015, la Directora del PEJC, Geisa M. Marrero Martínez, presentó ante este Tribunal un *Informe sobre incumplimiento con requisito de educación jurídica*

---

[1] El licenciado Nieves Vázquez cesó la práctica de la profesión de la notaría el 29 de diciembre de 2009.

*continua*. En éste, la Directora informó las gestiones que realizó el PEJC para procurar el cumplimiento del licenciado Nieves Vázquez con los requisitos de educación jurídica continua atinentes a los periodos de cumplimiento de 1 de septiembre de 2007 a 31 de agosto de 2009 y de 1 de septiembre de 2012 a 31 de agosto de 2014.[2]

Se desprende del *Informe* que, el 7 de octubre de 2009, el PEJC le cursó al licenciado Nieves Vázquez un *Aviso de Incumplimiento* mediante el cual se le concedió un término de sesenta (60) días para subsanar su incumplimiento con el periodo de 2007-2009 y realizar el pago de la multa por cumplimiento tardío que dispone la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, 4 L.P.R.A. Ap. XVII-E R. 30, según enmendado (Reglamento del Programa). El licenciado Nieves Vázquez realizó el pago correspondiente a la referida multa; sin embargo, no subsanó los créditos requeridos.

Como consecuencia, el 13 de octubre de 2011, el PEJC le envió una citación para una vista informal, a ser celebrada el 17 de noviembre de 2011, con relación al periodo en cuestión. Cabe señalar que la citación fue devuelta por el servicio postal con el siguiente mensaje:

---

[2] Se desprende del *Informe* que el Colegio de Abogados de Puerto Rico (CAPR) certificó como colegiado inactivo al licenciado Nieves Vázquez de 19 de marzo de 2010 a 31 de diciembre de 2011. A esos efectos, el 19 de julio de 2012, el PEJC le notificó una certificación de exoneración de cumplimiento. Por lo tanto, el licenciado Nieves Vázquez no estuvo obligado a cumplir con los requisitos de educación jurídica continua durante el transcurso de ese periodo.

"No such number".[3] El licenciado Nieves Vázquez no compareció a la vista informal.

Posteriormente, el 10 de noviembre de 2014, el PEJC le notificó la *Determinación de la Directora Ejecutiva* respecto a la vista informal celebrada. En ésta, se le concedió un término de treinta (30) días para cumplir con los créditos requeridos y se le apercibió que un incumplimiento ulterior acarrearía su referido ante la Junta de Educación Continua (Junta).

Por último, la Directora del PEJC señaló en el *Informe* que el licenciado Nieves Vázquez incumplió el periodo de 1 de septiembre de 2012 a 31 de agosto de 2014. Por ello, el 17 de octubre de 2014, el PEJC le notificó un *Aviso de Incumplimiento*. Éste fue devuelto por el servicio postal, al igual que la citación para la vista informal antes reseñada.

Sometido el *Informe* ante nuestra consideración, el 13 de octubre de 2015, emitimos una *Resolución* mediante la cual le concedimos al licenciado Nieves Vázquez un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. A la fecha, el licenciado Nieves Vázquez no ha comparecido.

---

[3] El PEJC archivó la citación devuelta en el expediente del licenciado Nieves Vázquez, al constatar que no existía otra dirección de notificación en el RÚA.

## B. TS-13731

El Lcdo. José D. Miranda Irizarry fue admitido al ejercicio de la abogacía el 3 de julio de 2001. El 7 de mayo de 2015, la Directora del PEJC presentó ante este Tribunal un *Informe sobre incumplimiento con requisito de educación jurídica continua* con relación a los periodos de cumplimiento de 1 de julio de 2007 a 31 de mayo de 2009 y de 1 de junio de 2009 a 31 de mayo de 2011.

En el *Informe* se detalla que, el 13 de julio de 2009, el PEJC le notificó al licenciado Miranda Irizarry un *Aviso de Incumplimiento*, ya que incumplió con los requisitos de educación jurídica continua para el periodo de 2007-2009. En éste, se le concedió un término de sesenta (60) días para tomar los créditos requeridos y realizar el pago de la multa por cumplimiento tardío establecida en la Regla 30 del Reglamento del Programa. El licenciado Miranda Irizarry incumplió con subsanar las deficiencias señaladas y realizar el pago de la multa. Por ello, el 17 de mayo de 2011, el PEJC le cursó una citación para una vista informal referente al periodo de 2007-2009, a ser celebrada el 10 de junio de 2011.

El licenciado Miranda Irizarry compareció a la vista informal mediante un escrito. En éste, arguyó que no recibió el mencionado *Aviso* y que la citación para la vista informal se envió a la dirección de su antiguo despacho legal. Asimismo, informó que trasladó su residencia al estado de Carolina del Norte y que notificó

su nueva dirección, tanto al CAPR como a este Tribunal. Finalmente, alegó que estaba "inactivo en la práctica en el país" ya que no ejercía la profesión de la abogacía en Puerto Rico desde el mes de junio 2007.

Luego, el 24 de julio de 2012, el PEJC le envió una comunicación al licenciado Miranda Irizarry en la que se le solicitó información adicional con relación a su actividad profesional durante los periodos incumplidos. Ello, con el propósito de tomar una determinación administrativa al respecto. Es preciso destacar que dicha comunicación fue dirigida a la dirección de notificación que constaba en el RÚA, pero ésta fue devuelta por el servicio postal con el siguiente mensaje: "Return to Sender, Undeliverable as Addressed, Unable to Forward". Como consecuencia, el PEJC notificó nuevamente la referida comunicación a otra dirección de notificación que surgía del RÚA.

Posteriormente, el 20 de enero de 2014, el PEJC le notificó al licenciado Miranda Irizarry la *Determinación de la Directora Ejecutiva* en cuanto a la vista informal que se llevó a cabo. Mediante ésta, se le concedió un término adicional de treinta (30) días para cumplir con los requisitos de educación jurídica continua para el periodo de 2007-2009. Ahora bien, la determinación fue devuelta por el servicio postal con un mensaje idéntico al que se hizo constar al devolver la comunicación del PEJC de 24 de julio de 2012.

En lo que respecta al periodo de 2009-2011, el 8 de septiembre de 2011, el PEJC le notificó al licenciado Miranda Irizarry un *Aviso de Incumplimiento*. En éste, se le otorgó un término de sesenta (60) días para subsanar su deficiencia de créditos y realizar el pago correspondiente a la multa por cumplimiento tardío. Ya que el licenciado Miranda Irizarry no atendió los requerimientos dentro del término concedido, éste fue citado -vía correo electrónico, el 31 de enero de 2014- a una vista informal.

En respuesta, el 4 de febrero de 2014, el licenciado Miranda Irizarry se comunicó con el personal del PEJC por vía telefónica. Surge del *Informe* que éste fue debidamente orientado con relación a los señalamientos que le fueron notificados, el deber de comparecer a la vista informal y su obligación de mantener las direcciones de notificación actualizadas en el RÚA. A pesar de ello, el licenciado Miranda Irizarry no compareció a la vista informal.

Finalmente, el 21 de agosto de 2014, el PEJC le notificó –vía correo electrónico- la *Determinación de la Directora Ejecutiva* referente a la vista informal de 31 de enero de 2014. En ésta, se le concedió un término de treinta (30) días para subsanar la deficiencia del periodo de 2009-2011 y se le apercibió que, de incumplir con ello, sería referido ante la Junta. El licenciado Miranda

Irizarry no subsanó las deficiencias señaladas durante el término concedido. [4]

Sometido el *Informe* ante nuestra consideración, el 11 de junio de 2015, emitimos una *Resolución* en la que le concedimos al licenciado Miranda Irizarry un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Al día de hoy, el licenciado Miranda Irizarry no ha comparecido.[5]

### C. TS-14037

La Lcda. Ana B. Ramos Colón fue admitida al ejercicio de la abogacía el 30 de enero de 2002 y a la práctica de la notaría el 13 de febrero de 2002. El 19 de marzo de 2013, la Directora del PEJC presentó ante este Tribunal el *Informe sobre incumplimiento con requisito de educación jurídica continua (incomparecencia a vista informal)* para los periodos de cumplimiento de 1 de marzo de 2007 a 28 de febrero de 2009 y de 1 de marzo de 2010 a 29 de febrero de

---

[4] La Directora del PEJC nos alerta que, aunque el licenciado Miranda Irizarry no ha sido citado para el periodo de 1 de junio de 2011 a 31 de mayo de 2013, éste incumplió con el mismo. Además, señaló que el PEJC le envió un *Aviso de Incumplimiento* para el periodo en cuestión, sin embargo, éste fue devuelto por el servicio postal.

[5] Se hace constar que la referida *Resolución* fue devuelta a la Secretaría de este Tribunal por el servicio postal, el 9 de julio de 2015. Como consecuencia, el 15 de septiembre de 2015, se notificó nuevamente la *Resolución* a una dirección adicional que surgía del RÚA.

2012.[6] Mediante éste, se nos informó sobre las gestiones que realizó el PEJC para atender el incumplimiento de la licenciada Ramos Colón con los requisitos de educación jurídica continua.

Según se detalla en el informe, la licenciada Ramos Colón incumplió con los requisitos de educación jurídica continua correspondientes al periodo de 2007-2009. Por ello, el 3 de abril de 2009, el PEJC le notificó a ésta un *Aviso de Incumplimiento* en el que se le concedió un término de sesenta (60) días para subsanar su incumplimiento y realizar el pago de la multa por cumplimiento tardío que dispone la Regla 30 del Reglamento del Programa. La licenciada Ramos Colón incumplió con ambas obligaciones.

Como consecuencia, el 23 de diciembre de 2010, la licenciada Ramos Colón fue citada a una vista informal. Ésta fue celebrada el 27 de enero de 2011; no obstante, la licenciada Ramos Colón no compareció. A raíz de ello, la entonces Directora del PEJC, Lcda. Yanis Blanco Santiago, le sugirió a la Junta presentar un informe sobre el

---

[6] Se desprende del *Informe* que el CAPR certificó a la licenciada Ramos Colón como colegiada inactiva de 7 de abril de 2009 a 1 de enero de 2010. A esos efectos, el 18 de marzo de 2013, el PEJC le notificó una certificación de exoneración de cumplimiento. Consecuentemente, la licenciada Ramos Colón no vino obligada a cumplir con los requisitos de educación jurídica continua durante el transcurso de ese periodo.

particular ante este Tribunal. El 13 de febrero de 2013, la Junta acogió dicha recomendación.[7]

Sometido el *Informe* ante nuestra consideración, el 2 de mayo de 2013, emitimos una *Resolución* mediante la cual le concedimos a la licenciada Ramos Colón un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendida de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.[8]

Ante la incomparecencia de la licenciada Ramos Colón, este Tribunal, el 22 de noviembre de 2013, emitió una segunda *Resolución* en la que se le concedió a ésta un término final de diez (10) días para que diera fiel cumplimiento a lo ordenado en la *Resolución* anterior. Se le apercibió que, de incumplir con la orden de este Tribunal, se procedería con su suspensión inmediata del

_____

[7] Señalamos que, aunque no surgen del *Informe* los trámites que realizó el PEJC para atender el incumplimiento de la licenciada Ramos Colón con los periodos posteriores, existe en el expediente de ésta una *Certificación* -emitida por el PEJC, el 16 de diciembre de 2015- en la que se señala que los periodos de 1 de marzo de 2010 a 29 de febrero de 2012 y de 1 de marzo de 2012 a 28 de febrero de 2014, estaban incumplidos. Asimismo, se detalla que la licenciada Ramos Colón no realizó el pago de la multa por cumplimiento tardío para ninguno de los periodos incumplidos, a saber: 2007-2009, 2010-2012 y 2012-2014.

[8] Esta *Resolución* fue devuelta por el servicio postal con el siguiente mensaje: "Unclaimed". Posteriormente, luego de varios trámites procesales, se notificó nuevamente la referida *Resolución* a una nueva dirección -provista por la licenciada Ramos Colón-. No obstante, la misma fue devuelta por el servicio postal con el siguiente mensaje: "Return to Sender, Unclaimed, Unable to Forward".

ejercicio de la abogacía.[9] A la fecha, la licenciada Ramos Colón no ha cumplido con las órdenes de este Tribunal.

## D. TS-15545

El Lcdo. Joseph Reillo Ray fue admitido al ejercicio de la abogacía el 23 de agosto de 2005. El 1 de octubre de 2015, la Directora del PEJC presentó ante este Tribunal un *Informe sobre incumplimiento con requisito de educación jurídica continua*. Mediante éste, informó las gestiones que realizó el PEJC en aras de asegurar el cumplimiento del licenciado Reillo Ray con los requisitos de educación jurídica continua para los periodos de cumplimiento de 1 de septiembre de 2007 a 31 de agosto de 2009, de 1 de septiembre de 2009 a 31 de agosto de 2011 y de 1 de septiembre de 2011 a 31 de agosto de 2013.

La Directora del PEJC nos informó que, el 7 de octubre de 2009, se le cursó un *Aviso de Incumplimiento* al licenciado Reillo Ray por su incumplimiento con los créditos requeridos para el periodo de 2007-2009. En éste, se le concedió un término de sesenta (60) días para tomar los créditos correspondientes y realizar el pago de la multa por cumplimiento tardío que dispone la Regla 30 del Reglamento del Programa. El licenciado Reillo Ray incumplió con lo anterior. Por consiguiente, el 13 de octubre de 2011, el PEJC le envió a éste una citación para

---

[9] Al igual que la notificación anterior, esta *Resolución* fue devuelta por el servicio postal con el siguiente mensaje: "Return to Sender, Unclaimed, Unable to Forward".

una vista informal; el licenciado Reillo Ray no compareció.

Posteriormente, el 6 de noviembre de 2014, el PEJC le notificó al licenciado Reillo Ray la *Determinación de la Directora Ejecutiva* respecto a la vista informal en cuestión. En ésta, se le otorgó al licenciado Reillo Ray un término de treinta (30) días para subsanar la deficiencia de créditos y realizar el pago de la multa por cumplimiento tardío. Además, se le apercibió que su incumplimiento con lo dispuesto en la *Determinación* conllevaría un referido ante la Junta.

Por último, la Directora del PEJC señaló en el *Informe* que el licenciado Reillo Ray incumplió con los requisitos de educación jurídica continua para los periodos de 2009-2011 y de 2011-2013. Por ello, se le cursaron los correspondientes avisos de incumplimiento el 28 de noviembre de 2011 y el 18 de octubre de 2013, respectivamente. Se hace constar que el aviso referente al periodo 2011-2013 fue devuelto por el servicio postal con el siguiente mensaje: "Return to Sender, Attempted Not Know[n], Unable to Forward".

Sometido el *Informe* ante nuestra consideración, el 13 de octubre de 2015, emitimos una *Resolución* mediante la cual le concedimos al licenciado Reillo Ray un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía por incumplir con los requisitos de educación

jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Al día de hoy, el licenciado Reillo Ray no ha comparecido.

## II

El Canon 2 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 2, obliga a todo profesional del Derecho a "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional . . .". En aras de viabilizar el cumplimiento con dicho postulado, este Tribunal estableció un programa de educación jurídica continua obligatoria mediante la aprobación del Reglamento de Educación Jurídica Continua, 4 L.P.R.A. Ap. XVII-D, según enmendado. En virtud de éste, se le delegó a la Junta de Educación Continua la encomienda de velar por el cumplimiento de los requisitos ahí establecidos.

Posteriormente, se aprobó el Reglamento del Programa con el fin de establecer el andamiaje procesal que le permitiera a la Junta lograr su cometido. En lo pertinente, este Reglamento le provee a los abogados una guía precisa para dar cumplimiento a los requisitos de educación jurídica continua. Asimismo, dispone el procedimiento que el PEJC seguirá para atender el incumplimiento de los profesionales del Derecho.

En reconocimiento a la importancia que ostenta la educación jurídica continua para la práctica de la

profesión legal, y en consideración a la labor que realiza el PEJC para garantizar su cumplimiento, hemos determinado que "[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos administrativos por parte de ese programa, sino que además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional." *In re: Francisco J. Cepero Rivera*, 2015 T.S.P.R. 119, en la pág. 5, 193 D.P.R. ____ (2015). Por ello, este Tribunal ha establecido como norma que "aquellos abogados que no cumplan con los requisitos del PEJC serán suspendidos de forma inmediata del ejercicio de la abogacía y la notaría". *In re: José Raúl Méndez Marrero*, 2015 T.S.P.R. 68, en la pág. 3, 192 D.P.R. ____ (2015); véase, además, *In re: José Francisco Cardona Veguet*, 2015 T.S.P.R. 47, 192 D.P.R. ____ (2015); *In re: Jesús R. Moll Fariña*, 2015 T.S.P.R. 32, 192 D.P.R. ____ (2015).

Por otro lado, es de singular importancia subrayar que el Canon 9 establece que todo abogado tiene el deber de observar para con los tribunales una conducta que se caracterice por el mayor respeto. 4 L.P.R.A. Ap. IX C. 9. Como corolario de este deber, es tarea ineludible de todo profesional del Derecho, responder de forma diligente a los requerimientos de este Tribunal; particularmente, cuando las órdenes o apercibimientos sobrevienen en

procedimientos disciplinarios. Véase *In re: Marrero García*, 187 D.P.R. 578 (2012).

El proceder apático e indiferente respecto a nuestros pronunciamientos, constituye un ultraje a la autoridad de este Tribunal y a nuestro poder inherente de regular el ejercicio de la profesión legal. Véase *In re: Francisco J. Cepero Rivera*, 2015 T.S.P.R. 119, en la pág. 6; *In re: Irizarry Irizarry*, 190 D.P.R. 368 (2014); *In re: Rosado Cruz*, 176 D.P.R. 1012 (2009). Por tanto, tal conducta podría acarrear la suspensión inmediata e indefinida del ejercicio de la abogacía. Véase *In re: Carlos W. Pérez Menéndez*, 2015 T.S.P.R. 174, 194 D.P.R. ____ (2015); *In re: Fernando M. Machado Echevarría*, 2015 T.S.P.R. 31, 192 D.P.R. ____ (2015); *In re Guzmán Rodríguez*, 187 D.P.R. 826 (2013).

Finalmente, reiteramos la importancia del deber que ostentan todos los miembros de la profesión de la abogacía de mantener su información personal actualizada en el RÚA, según lo dispone la Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B R. 9. El cumplimiento cabal con dicha disposición garantiza que los miembros de la profesión legal atiendan con prontitud las comunicaciones que se le hagan llegar. En contraste, su incumplimiento obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. Véase *In re Arroyo Rosado*, 191 D.P.R. 242 (2014). Consecuentemente, faltar a esta responsabilidad constituye fundamento suficiente para decretar la

separación inmediata del ejercicio de la abogacía. Véase *In re: Gerardo A. Suarez Robles*, 2015 T.S.P.R. 170, 194 D.P.R. ____ (2015); *In re: Luis M. Guzmán Ortiz*, 2015 T.S.P.R. 106, 193 D.P.R. ____ (2015).

Los múltiples dictámenes antes reseñados podrían considerarse un mal augurio para aquellos miembros de la profesión legal que operan al margen de los preceptos ético-profesionales que rigen su desempeño como abogados. No obstante, nos vemos llamados a sancionar a los profesionales del Derecho de epígrafe. En primer lugar, destacamos su menosprecio a la autoridad de este Foro al obviar las múltiples órdenes que le hemos cursado. En segundo lugar, su patente y reiterado incumplimiento con los requisitos de educación jurídica continua y con su deber de alertar a este Tribunal sobre los cambios en su información personal constituyen conductas altamente reprochables que no pasarán por desapercibidas.

## III

Conforme a los hechos reseñados y los fundamentos de Derecho previamente esbozados, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del licenciado Nieves Vázquez, el licenciado Miranda Irizarry y el licenciado Reillo Ray. Asimismo, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría de la licenciada Ramos Colón. En caso de que éstos se encuentren representando clientes ante nuestros tribunales en la actualidad, se les impone

el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberán acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese por correo electrónico y correo certificado esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| *In re:* | |
| Ramón L. Nieves Vázquez | TS-9026 |
| José D. Miranda Irizarry | TS-13731 |
| Ana B. Ramos Colón | TS-14037 |
| Joseph Reillo Ray | TS-15545 |

SENTENCIA

San Juan, Puerto Rico, a 4 de febrero de 2016

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del Lcdo. Ramón L. Nieves Vázquez, el Lcdo. José D. Miranda Irizarry y el Lcdo. Joseph Reillo Ray. Asimismo, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría de la Lcda. Ana B. Ramos Colón. En caso de que éstos se encuentren representando clientes ante nuestros tribunales en la actualidad, se les impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberán acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese por correo electrónico y correo certificado.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Asociado señor Kolthoff Caraballo no intervino.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo, Interina