EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Lorenzo Cabán Arocho | 2017 TSPR 104<br><br>198 DPR ____ |

Número del Caso: TS-3098

Fecha:   6 de junio de 2017

Abogado del promovido:

      Por derecho propio

Programa de Educación Jurídica Continua:

      Lcdo. José Ignacio Campos Pérez
      Director

Materia:   La suspensión será efectiva el 13 de junio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lorenzo Cabán Arocho            Núm. TS-3098

PER CURIAM

En San Juan, Puerto Rico, a 6 de junio de 2017.

Una vez más, nos vemos obligados a suspender del ejercicio de la abogacía a un miembro de la profesión legal que, en reiteradas ocasiones, ha incumplido con los requisitos del Programa de Educación Jurídica Continua. Veamos.

I.

El licenciado Lorenzo O. Cabán Arocho fue admitido al ejercicio de la abogacía el 26 de mayo de 1968 y prestó juramento como notario el 26 de junio de 1968.

Posteriormente, y por ser nombrado a un puesto incompatible con la función notarial, el licenciado Cabán Arocho solicitó cesar del ejercicio de la

notaría, lo cual le concedimos mediante *Resolución* de 16 de marzo de 1972. El 13 de abril de 1972, a petición suya, fue reinstalado al ejercicio de la notaría.

Más adelante, y tras su nombramiento como Juez, el 12 de febrero de 1996, para ser exactos, el referido letrado cesó nuevamente del ejercicio de la notaría. El 29 de mayo de 1998, tras su solicitud, el licenciado Cabán Arocho fue reinstalado al notariado.

Años más tarde, mediante carta fechada el 5 de mayo de 2011, y "*por motivo de retiro*", el licenciado Cabán Arocho nos solicitó, una vez más, autorización para cesar del ejercicio de la notaría. Mediante Resolución de 7 de junio de 2011, autorizamos la solicitud del referido letrado y, en consecuencia, ordenamos la cancelación de su fianza notarial.

Ahora bien, en vista de que el licenciado Cabán Arocho continuó desempeñándose como abogado, allá para el 20 de enero de 2010, el Programa de Educación Jurídica Continua ("PEJC") le envió al licenciado Cabán Arocho un *Aviso de Incumplimiento* con los requisitos establecidos en el *Reglamento del Programa de Educación Jurídica Continua*, según enmendado, 4 LPRA Ap. XVII-E (en adelante "*Reglamento del Programa*"), para el término del 1 de diciembre de 2007 al 30 de noviembre de 2009. En dicha comunicación, se le concedió al letrado un término de sesenta (60) días para tomar los cursos y pagar la multa

por incumplimiento tardío. Sin embargo, el licenciado Cabán Arocho no compareció.

Así pues, el 24 de mayo de 2012, el PEJC le envió al letrado una citación para una vista informal, a celebrarse el 20 de junio de 2012. El letrado compareció por escrito a la mencionada vista y argumentó, en apretada síntesis, que "*objetaba por conciencia*" los requisitos del PEJC; que el programa violaba su derecho constitucional a la dignidad del ser humano; que no necesitaba de educación continua; que no estaba dispuesto a enriquecer a sus compañeros abogados; que se le debía considerar exento de los requisitos del PEJC por haber ejercido la profesión por sobre cuarenta y cuatro (44) años y ya estar "*retirado*"; y, finalmente, que no estaba dispuesto a renunciar a la profesión ni a obtener un estatus de abogado inactivo.

Evaluada la comunicación del licenciado Cabán Arocho, el PEJC determinó concederle a este, una vez más, un término de sesenta (60) días para subsanar la insuficiencia de créditos en el periodo de 2007 a 2009 y para que pagara la multa por incumplimiento tardío. Se estableció, además, que del letrado incumplir con lo ordenado, se referiría el asunto ante nuestra consideración.

Posteriormente, el 31 de enero de 2012 y el 17 de enero de 2014 el PEJC le envió al letrado *Avisos de*

*Incumplimiento* para el periodo del 1 de diciembre de 2009 al 30 de noviembre de 2011 y para el periodo del 1 de diciembre de 2011 al 30 de noviembre de 2013, respectivamente. A este último aviso, el de 17 de enero de 2014, el mencionado letrado reaccionó y presentó una comunicación, recibida por el PEJC el 30 de enero de 2014, en la que esbozó, esencialmente, los mismos planteamientos expuestos en su comparecencia previa.

Ante la inacción por parte del licenciado Cabán Arocho, el 5 de febrero de 2014 el PEJC le cursó una comunicación al letrado en la cual le reiteraba todos los periodos que había incumplido. En dicha comunicación, además, se anejó el *Informe del Oficial Examinador* y la determinación tomada por la entonces Directora Ejecutiva del PEJC, Hon. Geisa M. Marrero Martínez (en adelante "Directora Ejecutiva") de concederle al letrado un término de sesenta (60) días para que cumpliera con los requisitos del periodo 2007-2009 y que, además, pagara la multa por cumplimiento tardío.

El 4 de junio de 2014, el licenciado Cabán Arocho envió una comunicación al PEJC, mediante la que respondió al *Informe* y a la determinación que se tomó en la vista informal celebrada. En dicha comunicación reiteró los fundamentos antes esbozados en su comunicación anterior y nuevamente sostuvo que, luego de practicar la profesión por sobre cuarenta y seis (46) años, no necesitaba tomar

educación jurídica continua y que, aunque no continuaría ejerciendo la profesión, siempre seguiría siendo abogado.

En vista del incumplimiento por parte del licenciado Cabán Arocho, la Directora del PEJC refirió el asunto ante la atención de la Junta de Educación Continua (en adelante "*Junta*"). En reunión celebrada el 22 de septiembre de 2016, la Junta decidió referir el informe correspondiente ante nuestra consideración.

De conformidad con lo anterior, el 9 de marzo de 2017, compareció ante nos el licenciado José Ignacio Campos Pérez, Director Ejecutivo del PEJC (en adelante "Director Ejecutivo"), en representación de la Junta, y nos informó que el licenciado Cabán Arocho había incumplido con los requisitos establecidos en el *Reglamento del Programa*, *supra*, para el periodo del 1 de diciembre de 2007 al 30 de noviembre de 2009, y no había pagado la multa por incumplimiento tardío, según lo dispuesto en la Regla 30(C) del *Reglamento del Programa, supra*. Además, el Director Ejecutivo nos informó que el licenciado Cabán Arocho tampoco ha cumplido con los requisitos del PEJC para los periodos del 1 de diciembre de 2009 al 30 de noviembre de 2011, del 1 de diciembre de 2011 al 30 de noviembre de 2013 y del 1 de diciembre de 2013 al 30 de noviembre de 2016. Sobre estos periodos, el letrado tampoco ha pagado las multas por cumplimiento tardío.

Reaccionando al Informe presentado, el licenciado Cabán Arocho compareció ante nos reiterando los planteamientos expuestos ante el PEJC sobre por qué no debe cumplir con los requerimientos antes señalados.

Es, precisamente, a la luz del cuadro fáctico y procesal antes expuesto que procedemos a disponer del asunto ante nos.

## II.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re López Santos*, 2016 TSPR 37, 194 DPR __ (2016); *In re De Jesús Román,* 192 DPR 799, 802 (2015); *In re Vera Vélez*, 192 DPR 216 (2015). En particular, el Canon 2 del Código de Ética Profesional dispone que los miembros de la profesión deben "*realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional*". 4 LPRA ap. IX, C.2.

A tenor con lo anterior, este Tribunal adoptó el *Reglamento de Educación Jurídica Continua*, 4 LPRA Ap. XVII-D, según enmendado, y el *Reglamento del Programa*, supra. A través del *Reglamento de Educación Jurídica Continua, supra,* se les requiere a los miembros de la profesión legal cumplir con ciertas horas créditos en

educación jurídica continua. Actualmente, se requiere que, en un periodo de tres (3) años, toda abogada y todo abogado activo en la profesión cumpla con veinticuatro (24) horas créditos en educación jurídica continua. Asimismo, se establecieron las excepciones a dicho requerimiento. *Véase Reglamento del Programa*, *supra*, Regla 4 (C).

Como se sabe, los abogados o las abogadas que cumplen con dicho requisito de manera tardía, deben presentar un informe con las razones que justifiquen el cumplimiento tardío, así como pagar una cuota de $50.00. *Reglamento del Programa*, *supra*, Regla 30. Ahora bien, cuando los abogados o abogadas no cumplen con el requisito del PEJC, es necesario que se celebre una vista informal en la que tengan la oportunidad de explicar las razones por las cuales incumplieron. *Íd.*, Regla 32. En caso en que el abogado o la abogada no comparezca a la vista, la Junta tiene el deber de remitir el asunto ante la consideración de este Tribunal. *Íd. Véanse* además, *In re Gómez Riefkohl*, 2017 TSPR 41, 197 DPR __ (2017); *In re López González*, 2015 TSPR 107 (2015).

Al evaluar los asuntos que ante nuestra consideración ha remitido la Junta de Educación Continua, en múltiples ocasiones hemos expresado que "*[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos administrativos por parte de ese programa,*

*sino que, además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional".* In re López Santos, *supra,* en la pág. 4; *In re Nieves Vázquez,* 2016 TSPR 22, en la pág. 5; *In re Cepero Rivera,* 2015 TSPR 119, en la    pág. 9.

Cónsono con lo anterior, nos hemos "*visto obligado[s] a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas".* In re Rodríguez Gerena, 2017 TSPR 40, 197 DPR ___ (2017); *In re Ortiz Soto,* 2016 TSPR 226, en la pág. 10, 196 DPR ___ (2016); *In re Arroyo Acosta,* 192 DPR 848, 852 (2015). Tal es el caso de autos.

III.

En el presente caso, a pesar de las múltiples oportunidades que ha tenido para ello, el licenciado Cabán Arocho no ha cumplido con los requisitos del PEJC para el periodo del 1 de diciembre de 2007 al 30 de noviembre de 2009. Entre las razones que ha dado el licenciado Cabán Arocho para su reiterado incumplimiento, se encuentran: que "*objetaba por conciencia*" los requisitos del PEJC; que el programa violaba su derecho constitucional a la dignidad del ser humano; que no necesitaba de educación continua; que no estaba dispuesto a enriquecer a sus compañeros abogados; que se le debía considerar exento de los requisitos del PEJC por haber ejercido la profesión

por sobre cuarenta y cuatro (44) años y ya estar "*retirado*"; y, finalmente, que no estaba dispuesto a renunciar a la profesión ni a obtener un estatus de abogado inactivo. Ninguna de esas razones nos convence. Ninguna exime a un abogado de su deber de cumplir con los requerimientos del PEJC.

Por otro lado, aunque el PEJC aún no ha celebrado la vista informal requerida, es menester señalar que el letrado en cuestión, no conforme con haber incumplido con los requisitos del PEJC para el periodo de 2007-2009, según nos informa el Director del Programa, tampoco ha cumplido con los requisitos de dicho Programa para los periodos del 1 de diciembre de 2009 al 30 de noviembre de 2011, del 1 de diciembre de 2011 al 30 de noviembre de 2013 y del 1 de diciembre de 2013 al 30 de noviembre de 2016. Sobre estos periodos, el PEJC ha enviado los respectivos avisos de incumplimiento.[1]

Como mencionamos anteriormente, el letrado solo compareció en relación al *Aviso de Incumplimiento* para el periodo del 2011 al 2013, y bajo fundamentos similares a los antes señalados, objetó los requisitos del PEJC. Sobre los demás periodos, el licenciado Cabán Arocho no ha comparecido.

Vemos, pues, que el licenciado Cabán Arocho, a través de su conducta, ha demostrado desidia y total desinterés

---

[1] El *Aviso de Incumplimiento* para el periodo de 2013 al 2016 fue notificado el 27 de febrero de 2017.

en cumplir con los requisitos al PEJC, violentando así lo dispuesto en el Canon 2 de Ética Profesional, *supra*. Ante su reiterado incumplimiento con los requisitos del PEJC, procede, pues, sancionar al letrado con su suspensión indefinida del ejercicio de la abogacía.

IV.

Por los fundamentos antes expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al licenciado Lorenzo O. Cabán Arocho. Se le ordena al señor Cabán Arocho notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lorenzo O. Cabán Arocho                TS-3098

SENTENCIA

En San Juan, Puerto Rico, a 6 de junio de 2017.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Lorenzo O. Cabán Arocho del ejercicio de la abogacía. Además, se le impone al licenciado Cabán Arocho el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada Pabón Charneco no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo