EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Benjamín Cintrón Rodríguez | 2020 TSPR 115<br><br>205 DPR _____ |

Número del Caso:  AB-2018-258
                  TS-6169


Fecha:  28 de septiembre de 2020


Abogado del promovido:

     Por derecho propio


Oficina del Procurador General:

     Lcda. Lorena Cortés Rivera
     Subprocuradora General

     Lcda. Noemí Rivera De León
     Procuradora General Auxiliar


Materia:  La suspensión será efectiva el 29 de septiembre de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

　　Benjamín Cintrón Rodríguez

AB-2018-258

TS-6,169

*PER CURIAM*

En San Juan, Puerto Rico, a 28 de septiembre de 2020.

Una vez más nos vemos obligados a suspender inmediata e indefinidamente a un miembro de la profesión legal que ha incumplido con las órdenes de este Tribunal y con los requerimientos del Programa de Educación Jurídica Continua (en adelante, "PEJC"). Veamos.

I.

A.

El licenciado Benjamín Cintrón Rodríguez (en adelante, "licenciado Cintrón Rodríguez") fue admitido al ejercicio de la abogacía el 1 de noviembre de 1978 y prestó juramento como notario el 28 de agosto de 1980.

El 17 de octubre de 2018 se presentó una queja disciplinaria en contra del licenciado Cintrón Rodríguez por alegada negligencia en el desempeño de sus funciones. En dicha queja, el señor Irving del Toro (en adelante, "señor Del Toro" o "promovente") indicó que había contratado al referido letrado en el verano del 2014, para que tramitara la declaratoria de herederos de su padre y madre. Adujo que, durante el verano de 2015, entregó los documentos requeridos para dicha gestión y pagó más de tres mil dólares ($3,000.00) al letrado. No obstante, indicó que, a pesar de hacer numerosas llamadas y enviar correos electrónicos al licenciado Cintrón Rodríguez durante los más de tres (3) años desde su contratación, no lograba comunicarse con él.

El señor Del Toro sostuvo, además, que viajó a Puerto Rico el 10 de octubre de 2018 y trató de comunicarse con el licenciado Cintrón Rodríguez, lo cual no logró hasta el 19 de octubre de 2018. Durante dicha conversación telefónica indagó sobre el estado de su caso, ante lo cual el referido letrado contestó que no sabía lo que había ocurrido, que verificaría y se comunicaría con él ese mismo día. Sin embargo, nunca lo llamó. Insatisfecho, el señor Del Toro posteriormente acudió al Tribunal de Primera Instancia de Bayamón, donde se enteró que el foro primario había emitido una *Orden* en el caso de su padre -- la cual el referido letrado no había contestado -- y que no se había presentado ninguna declaratoria de herederos en cuanto a su madre.

Al ser enfrentado con dicha información, el licenciado Cintrón Rodríguez señaló que no había recibido ninguna notificación del Tribunal de Primera Instancia. El señor Del Toro alegó que, por los hechos antes reseñados, le requirió al referido letrado la entrega de los documentos originales del caso y del dinero pagado, a lo cual el referido letrado accedió. Empero, el señor Del Toro arguyó que, luego de esa conversación, no logró volver a comunicarse con el licenciado Cintrón Rodríguez. Por todo lo cual, mediante la queja objeto del presente proceso disciplinario, el promovente solicitó que se le devolvieran los documentos originales y los tres mil dólares ($3,000.00) pagados por adelantado, ya que el referido letrado no había completado el trabajo para el cual fue contratado.

Por su parte, el licenciado Cintrón Rodríguez compareció ante este Foro y aceptó lo expuesto en la queja, con excepción de la cantidad de dinero reclamada, la cual alegaba no recordaba ni podía verificar. Adujo que lo sucedido fue resultado de una situación personal que le impidió atender apropiadamente sus asuntos y ofreció sus disculpas al señor Del Toro y este Tribunal por sus acciones.

Así las cosas, esta Curia refirió la queja de epígrafe al Procurador General para hacer la investigación correspondiente. Evaluados los hechos mencionados, el Procurador General rindió un *Informe* en el cual determinó que en el presente caso no existían controversias de

hechos más allá de la cantidad de dinero que fue pagada al referido letrado por concepto de honorarios de abogado.[1] Es decir, no estaba en controversia que el "promovente contrató al licenciado Cintrón [Rodríguez] en el 2014 para la declaratoria de herederos de sus padres, que le entregó varios documentos para que realizara la gestión, que el abogado no contestó sus múltiples llamadas, que no lo mantuvo informado del trámite de su caso, que no realizó el trabajo para el cual fue contratado y que retuvo honorarios", lo que ocasionó que el mencionado caso fuese desestimado sin perjuicio.[2]

Por otro lado, en cuanto a la declaratoria de herederos de la madre del señor Del Toro, el Procurador General señaló que ésta ni siquiera había sido presentada por el referido letrado.

Establecido lo anterior, el Procurador General concluyó que el licenciado Cintrón Rodríguez infringió los Cánones 18, 19, 20 y 23 del Código de Ética Profesional, 4

---

[1] Mientras que el señor Del Toro alegó haber pagado más de tres mil ($3,000.00) dólares al licenciado Cintrón Rodríguez, la Oficina del Procurador General señaló que los documentos que proveyó éste sólo evidenciaba un pago total de mil ($1,000.00) dólares. En específico, expresaron que:

> La única controversia que existe es sobre la cantidad pagada por adelantado al licenciado Cintrón. Sobre el particular, la evidencia que surge de los documentos sometidos ante nuestra consideración es la copia de un cheque de $500.00 pagado por el promovente al licenciado Cintrón el 11 de mayo de 2016 y una Factura, presuntamente de la oficina del licenciado Cintrón, en la cual se indicó que el promovente entregó $500.00 el 11 de mayo de 2016 y $500.00 el 15 de noviembre de 2016. Nótese que la copia del cheque presentado por el promovente coincide con lo que surge de la Factura. *Informe del procurador General*, pág. 7.

Por otro lado, el licenciado Cintrón Rodríguez adujo que no recordaba ni podía verificar lo relacionado a dichas cantidades.

[2] *Informe del procurador General*, pág. 7.

LPRA Ap. IX. En consecuencia, nos recomendó ordenar al referido letrado que devolviera el dinero cobrado por servicios no realizados, que acreditara al Tribunal su gestión al respecto y que -- una vez certificara lo anterior -- se le censurara enérgicamente.[3]

Realizado el correspondiente *Informe*, el 25 de octubre de 2019 emitimos una *Resolución* donde censuramos enérgicamente al licenciado Benjamín Cintrón Rodríguez por violar los Cánones 18, 19, 20 y 23 del Código de Ética Profesional, 4 LPRA Ap. IX. Además, le concedimos a éste un término de veinte (20) días -- contados a partir de la notificación de la *Resolución* -- para que devolviera el dinero cobrado por servicios profesionales no realizados y certificara el cumplimiento con lo ordenado, como condición para ordenar el archivo del proceso disciplinario en su contra. No obstante, el licenciado Cintrón Rodríguez no compareció dentro del término provisto.

Siendo ello así, el 30 de enero de 2020 emitimos una subsiguiente *Resolución*, notificada el 6 de febrero de 2020, mediante la cual le concedimos al referido letrado un término final e improrrogable de veinte (20) días para que cumpliera con lo previamente ordenado, a saber, devolver el dinero cobrado por servicios profesionales no realizados y certificar dicho hecho. Esto, como condición

---

[3] Se consideraron como atenuantes el hecho de que era la primera falta del licenciado Cintrón Rodríguez en una carrera de cuarenta (40) años; que el caso fue de corta duración; que la sentencia de archivo fue sin perjuicio; que no se le causó perjuicio a ninguna parte; y que el abogado aceptó los hechos y se mostró arrepentido. *Informe del procurador General*, pág. 8.

para archivar el proceso disciplinario de referencia. En dicha *Resolución* se le apercibió al licenciado Cintrón Rodríguez que su incumplimiento con dicha *Resolución* podría acarrear la imposición de sanciones severas, tal como la suspensión del ejercicio de la profesión legal. La mencionada *Resolución* fue diligenciada personalmente por medio de la Oficina de Alguaciles de este Tribunal.

Ahora bien, fuera del término antes mencionado, entiéndase el 6 de marzo de 2020, el licenciado Cintrón Rodríguez compareció ante esta Curia. En su escrito, señaló que este Tribunal dictó una orden para que se le devolviera al "querellante" el dinero pagado, que el plazo provisto estaba próximo a vencer, pero que ni la orden ni la "querella" detallan la cantidad específica a ser sufragada. Consecuentemente, solicitó que este Tribunal especificara la cantidad de dinero a ser devuelta y le concediera un plazo adicional para su pago, con cualquier pronunciamiento adicional pertinente.

Examinado el planteamiento del referido letrado, y considerado lo expuesto en el *Informe del Procurador General* sobre la cantidad de honorarios adeudada, el 12 de marzo de 2020 emitimos una *Resolución* -- notificada el 23 de julio de 2020 -- concediéndole al licenciado Cintrón Rodríguez un término de veinte (20) días, contados a partir de la notificación de la *Resolución*, para que devolviera al señor Del Toro mil dólares ($1,000.00) cobrados por servicios profesionales no realizados y para que acreditara dicha gestión a este Tribunal. En esa

instancia, se le apercibió a dicho letrado que su incumplimiento con nuestra orden podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la abogacía. Sin embargo, el licenciado Cintrón Rodríguez no compareció dentro del término provisto.

B.

Por otro lado, surge del expediente personal del licenciado Cintrón Rodríguez que éste ha desobedecido otras órdenes de esta Curia. El 28 de junio de 2019, la licenciada María C. Molinelli González, Directora Ejecutiva del PEJC, compareció ante nosotros mediante un *Informe sobre incumplimiento con el requisito de educación jurídica continua*, donde se nos informó sobre ciertos profesionales del Derecho que habían incumplido con los requisitos reglamentarios del PEJC para el periodo de 1 de febrero de 2015 al 31 de enero de 2018. En dicho *Informe*, señaló que el licenciado Cintrón Rodríguez había incumplido con los requisitos de educación jurídica continua para el periodo antes mencionado y que el referido letrado adeudaba doscientos dólares ($200.00) en multas de cumplimiento tardío y cien dólares ($100.00) por el referido a este Tribunal.

Examinado el *Informe*, el 8 de agosto de 2019 emitimos una *Resolución*, notificada el 9 de agosto de 2019, concediéndole al licenciado Cintrón Rodríguez un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía, por incumplir con los requisitos

de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. En ese momento, se le apercibió que su incumplimiento con dicha *Resolución* podría conllevar sanciones severas, incluyendo la suspensión de la abogacía.

Sin embargo, ante el incumplimiento del referido letrado con la precitada *Resolución*, el 18 de octubre de 2019 emitimos una segunda *Resolución*, notificada el 22 de octubre de 2019, donde le concedimos a éste un término final de diez (10) días para que compareciera y mostrara causa por la cual no se le debía suspender del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua. Nuevamente, se le apercibió que su incumplimiento con la *Resolución* de referencia podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la profesión legal. El licenciado Cintrón Rodríguez tampoco compareció en cuanto a este asunto.

A pesar de ello, el 12 de marzo de 2020 emitimos una *Resolución*, notificada el 23 de julio de 2020, ordenándole a éste que, dentro de un término final de veinte (20) días mostrara causa por lo cual no se le debía suspender del ejercicio de la profesión legal por incumplir con las órdenes de este Tribunal y con los requisitos del PEJC. Una vez más, le apercibimos que su incumplimiento con nuestra orden podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la abogacía. No obstante, el letrado no compareció.

Adviértase que el 1 de septiembre de 2020, la Directora Ejecutiva del PEJC, licenciada María C. Molinelli González, presentó una *Certificación* donde se adujo que el licenciado Cintrón Rodríguez estaba en cumplimiento con todos los periodos pertinentes, incluyendo el del 1 de febrero de 2015 – 31 de enero de 2018. Sin embargo, éste seguía adeudando cien dólares ($100.00) en virtud del referido presentado ante este Tribunal y doscientos dólares ($200.00) en multas por cumplimiento tardío.

C.

Ante este cuadro fáctico, y en aras de atender los asuntos expuestos en los acápites A y B de este escrito, el pasado 8 de septiembre de 2020 emitimos una *Resolución* en la cual le concedimos al referido letrado **un término final e improrrogable de diez (10) días** para que acreditara el haberle pagado mil dólares ($1,000.00), en virtud de dinero cobrado por servicios profesionales no realizados, al señor Del Toro. Esto, como condición para ordenar el archivo del proceso disciplinario de referencia. Le apercibimos al licenciado Cintrón Rodríguez que su incumplimiento con dicha orden podría conllevar sanciones severas, incluyendo su suspensión del ejercicio de la abogacía. Dicha *Resolución* fue notificada por medio de correo electrónico, correo postal y por vía telefónica. Empero, nuevamente el referido letrado no compareció.

De otra parte, y debido a su cumplimiento parcial con los requisitos del PEJC, y en aras de ofrecerle una última

oportunidad al licenciado Cintrón Rodríguez, el 8 de septiembre de 2020 también emitimos una *Resolución*, mediante la cual le concedimos al referido letrado un **término final e improrrogable de diez (10) días** para que pagara las multas que adeuda al PEJC y para que acreditara dicha gestión a este Tribunal. Es decir, pagar cien dólares ($100.00) en virtud del referido a este Tribunal y doscientos dólares ($200.00) en multas por cumplimiento tardío. En ese momento, se le apercibió al letrado que su incumplimiento con dicha orden podría conllevar sanciones severas, incluyendo su suspensión del ejercicio de la abogacía. Dicha *Resolución* también fue notificada por medio de correo electrónico, correo postal y por vía telefónica. No obstante, al día de hoy, el letrado no ha comparecido y sigue adeudando las cantidades antes descritas.[4]

Es, pues, a la luz de los hechos antes expuestos que procedemos a disponer del proceso disciplinario ante nuestra consideración.

## II.

Como es sabido, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, impone a la clase letrada el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". *In re Landrón*

---

[4] El 23 de septiembre de 2020, la licenciada María C. Molinelli González, Directora Ejecutiva del PEJC, presentó la correspondiente *Certificación* sobre el licenciado Cintrón Rodríguez. Allí, se expone que éste sigue adeudando cien dólares ($100.00) en virtud del referido a este Tribunal y doscientos dólares ($200.00) en multas por cumplimiento tardío.

*Hernández*, 2019 TSPR 41, 201 DPR ___ (2019); *In re Cruz Liciaga*, 198 DPR 828, 836 (2017); *In re López Méndez*, 196 DPR 956, 960-961 (2016). Cónsono con ello, hemos sentenciado que todo miembro de la profesión legal debe responder a las órdenes de este Tribunal con la mayor diligencia posible, particularmente cuando se trata de procesos disciplinarios. *In re Molinary Machado*, *supra*; *In re López Cordero*, 2018 TSPR 80, 200 DPR ___ (2018); *In re Rivera Navarro*, 193 DPR 303, 311-312 (2015).

Ahora bien, dicha responsabilidad no se limita sólo a las órdenes emitidas por este Tribunal, sino que se extiende a los requerimientos hechos por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua. *In re Arocho Cruz*, 200 DPR 352, 361 (2018). Esto, ya que "la indiferencia a los avisos de cualquiera de estas dependencias se equipara a una afrenta a las órdenes del propio Tribunal e igualmente supone la suspensión inmediata e indefinida de la profesión legal". *Íd.*, págs. 361-362.

Así pues, la desatención a nuestras órdenes constituye un serio agravio a la autoridad de los tribunales y, de igual modo, una infracción al Canon 9 del Código de Ética Profesional, *supra*. *In re Landrón Hernández, supra*; *In re López Méndez, supra*, pág. 961; *In re Pestaña Segovia*, 192 DPR 485, 493 (2015). Cuando un letrado o letrada ignora los requerimientos de esta Curia, procede ordenar su suspensión inmediata de la práctica legal. *In re Molinary*

*Machado*, *supra*; *In re Landrón Hernández, supra*; *In re Pérez Román*, 191 DPR 186, 188 (2014).

III.

De otra parte, y por considerarlo en extremo pertinente para la correcta disposición del caso que nos ocupa, conviene recordar aquí que, en interés de garantizar una representación legal adecuada para los ciudadanos y ciudadanas que comparecen ante nuestros tribunales, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2, exige a todo abogado y abogada "lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".

A tenor con lo anterior, y en aras de facilitar el cumplimiento con el deber antes mencionado, este Tribunal aprobó el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado. La Regla 29, 4 LPRA Ap. XVII-E § 29, de dicho cuerpo reglamentario requiere que todo miembro activo de la profesión legal apruebe veinticuatro (24) horas crédito en cursos de educación jurídica continua en un lapso de tres (3) años.

En esa dirección, este Tribunal ha reiterado que "[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos administrativos por parte de ese programa, sino que, además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2". *In re Cabán Arocho*, 2017 TSPR 104, 198 DPR 1112 (2017) (Citas omitidas).

Véase, *In re Molinary Machado*, 2019 TSPR 142, 203 DPR ___ (2019). Por tanto, en instancias donde un letrado o letrada desatiende los requerimientos del dicha dependencia e incumple con los requisitos de educación jurídica continua según establecidos en el Reglamento del PEJC, *supra*, esta Curia ha procedido a suspenderlos indefinidamente. *In re Molinary Machado*, *supra*; *In re Cabán Arocho*, *supra; In re Rodríguez Gerena*, 2017 TSPR 40, 197 DPR 1093 (2017).

IV.

Como se puede colegir de los hechos antes expuestos, el licenciado Cintrón Rodríguez ha incumplido con las órdenes de esta Curia en reiteradas ocasiones y en diversos asuntos. A la misma vez, ignoró las comunicaciones del PEJC e incumplió con los requisitos de dicho programa.

En lo pertinente a la queja AB-2018-258, tras solicitarle a esta Curia un plazo de tiempo para devolver el dinero cobrado al señor Del Toro por servicios profesionales no realizados, el referido letrado no ha vuelto a comparecer o acreditar el pago de la cantidad adeudada. Asimismo, al día de hoy, el licenciado Cintrón Rodríguez no ha comparecido ni en una ocasión para atender su incumplimiento con los requisitos de educación jurídica continua ni para acreditar que ha acatado nuestras órdenes sobre el asunto.[5]

---

[5] Ello, en detrimento de sus intereses y esfuerzos, toda vez que cumplió parcialmente con lo ordenado, a saber, cumplió con todas las horas crédito que adeudaba.

A todas luces, el referido letrado ha actuado con gran desidia ante los numerosos apercibimientos de imposición de sanciones disciplinarias por su conducta para con el Tribunal y el PEJC.

En vista de ello, y considerando el hecho de que al licenciado Cintrón Rodríguez se le han provisto varias oportunidades para comparecer ante este Tribunal y no lo ha hecho, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

V.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente al licenciado Cintrón Rodríguez del ejercicio de la abogacía y notaría.

En consecuencia, se le impone al señor Cintrón Rodríguez el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial del señor Cintrón Rodríguez queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el referido letrado durante el periodo en que la misma estuvo vigente.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del señor Cintrón Rodríguez y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al señor Cintrón Rodríguez. El recibo de dicha notificación será confirmado por vía telefónica.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

AB-2018-258

Benjamín Cintrón Rodríguez          TS-6,169

SENTENCIA

En San Juan, Puerto Rico, a 28 de septiembre de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Benjamín Cintrón Rodríguez del ejercicio de la abogacía y notaría.

En consecuencia, se le impone al señor Cintrón Rodríguez el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial del señor Cintrón Rodríguez queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el

referido letrado durante el periodo en que la misma estuvo vigente.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del señor Cintrón Rodríguez y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al señor Cintrón Rodríguez. El recibo de dicha notificación será confirmado por vía telefónica.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo de Puerto Rico. El Juez Asociado señor Estrella Martínez no intervino.


                              José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo