EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>José A. Vázquez Borrero<br>(TS-5966) | 2017 TSPR 85<br><br>198 DPR ____ |

Número del Caso: TS-5966

Fecha: 12 de mayo de 2017

Abogado de la parte promovida:

Por Derecho Propio

Programa de Educación Jurídica Continua:

Lcdo. José Ignacio Campos Pérez

Materia: Conducta Profesional – La Suspensión será efectiva el 1ro de junio de 2017, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Vázquez Borrero

TS- 5966

PER CURIAM

En San Juan, Puerto Rico, a 12 de mayo de 2017.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión jurídica que ha incumplido con los requisitos del Programa de Educación Jurídica Continua (PEJC).

I.

El Lcdo. José A. Vázquez Borrero fue admitido al ejercicio de la abogacía el 1 de noviembre de 1978 y al ejercicio de la notaría el 26 de abril de 1979. El 9 de agosto de 2016, el Director Ejecutivo del PEJC, el Lcdo. José Ignacio Campos Pérez, presentó un *Informe sobre Incumplimiento con*

*Requisito de Educación Jurídica Continua*. En este, señaló que el licenciado Vázquez Borrero incumplió con los requisitos del PEJC durante el periodo del 1 de octubre de 2009 al 30 de septiembre de 2011.

El 10 de enero de 2012, el PEJC le envió al licenciado Vázquez Borrero un *Aviso de Incumplimiento* otorgándole, entre otras alternativas, 60 días adicionales para completar los requisitos reglamentarios para el periodo 2009-2011 y pagar la multa por cumplimiento tardío, conforme a la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-E. El término venció y el letrado no cumplió con lo requerido. Por consiguiente, el 27 de mayo de 2014 se le envió a este una citación a una vista informal a celebrarse el 25 de junio de 2014.

El abogado compareció a la vista y expresó que no cumplió con los créditos requeridos por razones económicas y debido a que sufría de varias condiciones de salud. Por tales razones, solicitó que se le relevara del cumplimiento con el periodo 2009-2011 o que se le concediera tiempo adicional. Como resultado, el licenciado Vázquez Borrero suscribió una prórroga mediante la cual se comprometió a cumplir con la deficiencia de créditos del periodo 2009-2011 y a pagar la multa por cumplimiento tardío dentro de un término de 60 días. Este reconoció que su incumplimiento con la prórroga podría conllevar que el

asunto fuera referido a la Junta sin trámite ulterior, para ser referido a este Tribunal.

El 15 de abril de 2015, se le notificó al licenciado Vázquez Borrero el *Informe del Oficial Examinador* y la determinación de la entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, respecto a la vista celebrada el 25 de junio de 2014. Se le concedió un término adicional de 30 días para cumplir con la deficiencia de créditos y pagar la multa por cumplimiento tardío. Además, se le apercibió que de no cumplir con ello, su caso sería presentado ante la Junta para que esta determinara si sería referido a este Tribunal. Asimismo, se le advirtió que de referirse su caso por incumplimiento con el periodo 2009-2011, también se nos informaría de los periodos posteriores incumplidos.

Finalmente, el Director del PEJC refirió este asunto a nuestra consideración. Luego de recibir el expediente en cuestión, emitimos una Resolución en la que le concedimos un término de veinte días al licenciado Vázquez Borrero para que compareciera y mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. Sin embargo, el letrado no respondió a nuestro requerimiento. Consecuentemente, el 9 de noviembre de 2016, emitimos una segunda resolución en la que le concedimos un término final de diez días para cumplir con nuestra orden.

El 7 de diciembre de 2016, el licenciado Vázquez Borrero presentó ante este Tribunal una "Moción Contestando Moción de Incumplimiento" en la que indicó que luego de la vista del 25 de junio de 2014, se agravaron sus condiciones de salud y fue hospitalizado, entre otras cosas. Debido a tales circunstancias, solicitó un término de cuarenta y cinco días para presentar evidencia de lo alegado en el documento referido. El 29 de diciembre de 2016, emitimos una Resolución en la que le concedimos al PEJC un término de veinte días para evaluar e informar al Tribunal lo expresado por el abogado en la Moción. En respuesta, el Director Ejecutivo del PEJC presentó ante este Tribunal una "Moción Informativa en Cumplimiento de Resolución" en la que indicó que los planteamientos del licenciado Vázquez Borrero solamente pudieran ser aplicables a su incumplimiento con el periodo 2013-2016, el cual no es objeto del *Informe sobre Incumplimiento* presentado ante este Tribunal el 9 de agosto de 2016.

Así, el 17 de marzo de 2017, este Tribunal emitió una Resolución en la que le concedió al licenciado Vázquez Borrero un nuevo término de veinte días para mostrar causa por la cual no debía suspendérsele del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua. El término venció y el letrado no compareció. No obstante, el 10 de abril de 2017, este presentó una "Moción mostrando causa para no ser suspendido de la profesión por incumplimiento de los

requisitos de educación jurídica continua". En esta, el letrado indicó nuevamente que durante el periodo en el que incumplió con los requisitos de educación jurídica continua estuvo mal de salud, por lo que tuvo que ser hospitalizado, entre otras cosas. Una vez más, solicitó que se le concediera un término adicional para completar los requisitos del PEJC en relación al periodo incumplido.

II.

El Código de Ética Profesional establece las normas mínimas de conducta que rigen la profesión y promueven un comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de justicia. In re Vera Vélez, 192 DPR 216, 226 (2015); In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689, 695 (2013); In re Ortiz Delgado, 189 DPR 826, 830 (2013). Por su parte, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que los abogados deben "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional" con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona".

Por consiguiente, todo abogado debe cumplir con los requisitos establecidos en el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, y el Reglamento del Programa de Educación Jurídica Continua, supra. La Regla 6 del Reglamento de Educación Jurídica Continua, supra,

dispone que todos los abogados activos deben tomar por lo menos veinticuatro horas créditos en educación continua cada dos años. Por otro lado, la Regla 28 del Reglamento del Programa de Educación Jurídica Continua, supra, dispone que todo abogado debe presentar un informe ante la Junta del PEJC acreditando el cumplimiento con las horas crédito requeridas no más tarde de treinta días luego de concluido el periodo de dos años.

En caso de que el abogado incumpla con los requisitos de educación jurídica continua, la Regla 29 del Reglamento del Programa de Educación Jurídica Continua, supra, dispone para que dentro de los treinta días siguientes a la terminación del periodo de cumplimiento se le envíe a este un aviso de incumplimiento. De no haber completado los créditos requeridos durante el periodo de cumplimiento correspondiente, el profesional del Derecho deberá cumplir con las horas crédito requeridas en un periodo de sesenta (60) días a partir de la notificación del aviso de incumplimiento y pagar una multa por cumplimiento tardío por la cantidad de $50. Regla 30(C) del Reglamento del Programa de Educación Jurídica Continua, supra.

Transcurrido el término sin que se haya acreditado el cumplimiento con las horas crédito requeridas luego de notificado un aviso de incumplimiento, el Director del PEJC citará por escrito al profesional del Derecho a una vista informal. Regla 31(A) del Reglamento del Programa de Educación Jurídica Continua, supra. Si el abogado no

compareciera a la vista, el asunto se remitirá a este Tribunal. Regla 32(D) del Reglamento del Programa de Educación Jurídica Continua, _supra_. Anteriormente, este Tribunal ha disciplinado profesionalmente a los abogados que han desatendido los requerimientos de la Junta e incumplido con las horas de educación jurídica continua.

### III.

El licenciado Vázquez Borrero ha desatendido su obligación de obtener ciertos créditos de educación continua conducentes a su desarrollo y capacitación profesional. Como mencionamos, este incumplió con los requisitos del PEJC durante el periodo del 1 de octubre de 2009 al 30 de septiembre de 2011.

A pesar de que le dimos múltiples oportunidades al licenciado Vázquez Borrero para rectificar su omisión y conservar su licencia profesional, el letrado no las aprovechó. Así pues, ante el incumplimiento de este con las horas crédito de educación jurídica continua antes indicadas, nos vemos obligados a suspenderlo indefinidamente del ejercicio de la abogacía hasta tanto cumpla con las exigencias aún pendientes por satisfacer para el periodo 2009-2011. Según lo exige la Regla 10 del Reglamento de Educación Jurídica Continua, _supra_, el licenciado Vázquez Borrero no podrá ser readmitido al ejercicio de la abogacía a no ser que, en su moción para solicitar la reinstalación a la profesión evidencie

fehacientemente la forma en que cumplió con los requisitos de educación jurídica continua insatisfechos.

IV.

Por los fundamentos expuestos, se dictará Sentencia en la cual suspendemos inmediata e indefinidamente del ejercicio de la abogacía al licenciado Vázquez Borrero.

Se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tengan algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Vázquez Borrero

                    TS- 5966

SENTENCIA

En San Juan, Puerto Rico, a 12 de mayo de 2017.

Por los fundamentos expuestos, en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, se dicta Sentencia en la cual suspendemos inmediata e indefinidamente del ejercicio de la abogacía al licenciado Vázquez Borrero.

Se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tengan algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo