EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                     | 2019 TSPR 41     |
|                            |                  |
|                            | 201 DPR ____     |
| Héctor Landrón Hernández   |                  |

Número del Caso:  TS-5,485

Fecha: 5 de marzo de 2019

Abogado de la parte promovida:

        Por derecho propio

 Programa de Educación Jurídica Continua:

        Lcdo. José Ignacio Campos Pérez
        Director Ejecutivo

Materia:  Conducta Profesional – La suspensión será efectiva el 18 de marzo de 2019. Fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Héctor Landrón Hernández          Núm. TS-5,485

PER CURIAM

En San Juan, Puerto Rico, 5 de marzo de 2019.

En el día de hoy, nuevamente, nos vemos obligados a suspender del ejercicio de la abogacía y la notaría a un miembro de la profesión legal, esta vez por incumplir con los requisitos del Programa de Educación Jurídica Continua y con las órdenes de este Tribunal. Veamos.

I.

El licenciado Héctor Landrón Hernández fue admitido al ejercicio de la abogacía el 31 de mayo de 1977 y juramentó como notario el 7 de septiembre de 1978.

Posteriormente, el 9 de marzo de 2017, el Programa de Educación Jurídica Continua (PEJC), a través de su entonces Director Ejecutivo, Lcdo. José

Ignacio Campos Pérez, compareció ante nos mediante un *Informe sobre incumplimiento con requisito de educación jurídica continua*, en el cual nos informó que el licenciado Landrón Hernández no cumplió con los requisitos establecidos en el *Reglamento del Programa de Educación Jurídica Continua*,[1] según enmendado, durante el periodo del 1 de marzo de 2009 al 28 de febrero de 2011. Según surge del referido *Informe*, el 12 de mayo de 2011 se le envió al referido letrado un *Aviso de Incumplimiento* en el que se le concedió un término de sesenta (60) días para tomar los cursos de educación jurídica adeudados y pagar la multa por cumplimiento tardío, conforme a lo dispuesto por la Regla 30 (C) del Reglamento del PEJC. No obstante, el licenciado Landrón Hernández no cumplió con dicho requerimiento del PEJC.

Así las cosas, y transcurrido un periodo razonable para que el referido letrado completara los requisitos de educación jurídica continua, el 12 de diciembre de 2013, el PEJC le remitió al licenciado Landrón Hernández una citación para una vista informal, señalada para el 28 de enero de 2014. El referido letrado no compareció a dicha vista informal.

Celebrada la vista informal, el 2 de noviembre de 2015 el PEJC le notificó al licenciado Landrón Hernández el *Informe del Oficial Examinador* y la determinación de la entonces Directora Ejecutiva del PEJC, Hon. Geisa M. Marrero Martínez,

---

[1] In *re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR 555 (2005), enmendado mediante Resolución ER-20110-4 de 30 de septiembre 2011, *In re R. 4 Prog. Educ. Jur. Cont.*, 183 DPR 48 (2011) y la Resolución ER-2015-03 de 15 de junio de 2015, *In re Emdas. R. Educ. Jur. Cont.*, 193 DPR 233 (2015).

sobre su incumplimiento con los requisitos de educación jurídica continua durante el periodo 2009-2011. En ésta, se le concedió al referido letrado un término de treinta (30) días para cumplir con los requisitos para el mencionado periodo y para pagar la multa por cumplimiento tardío. Asimismo, se le apercibió que, de no cumplir con lo ordenado, y de así determinarse por la Junta del PEJC, el asunto podría referirse a la consideración de este Tribunal. El licenciado Landrón Hernández incumplió nuevamente con los requerimientos del PEJC.

Tras el incumplimiento del referido letrado, el 12 de octubre de 2016 la Junta del PEJC celebró una reunión en la cual decidió referir el asunto a esta Curia. Así pues, encomendó al Director del PEJC a presentar el informe correspondiente ante este Tribunal. Oportunamente, el Director del PEJC presentó el *Informe* de rigor ante nos.

Mediante el referido *Informe,* se nos informó que no solo el referido letrado continuaba en incumplimiento con los requisitos de educación jurídica para el periodo de 2009-2011, sino que también había incumplido con los requisitos del PEJC para los periodos del 1 de marzo de 2011 al 28 de febrero de 2013 y del 1 de marzo de 2013 al 28 de febrero de 2015. Periodos para los cuales el PEJC le notificó un *Aviso de Incumplimiento* el 16 de abril de 2013 y el 23 de abril de 2015, respectivamente. No obstante, el referido letrado aún no había sido citado para una vista informal con respecto a

dichos periodos. El licenciado Landrón Hernández tampoco había pagado la multa por cumplimiento tardío para los referidos periodos.

Traído el asunto ante nuestra consideración, el 26 de abril de 2017 emitimos una *Resolución* mediante la cual le concedimos al licenciado Landrón Hernández un término de veinte (20) días para que compareciera ante nos y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC. Ante dicha *Resolución,* el referido letrado compareció ante nos mediante *Moción informativa* en la que nos solicitó un término adicional para cumplir con los requisitos del PEJC.

Evaluada la petición del licenciado Landrón Hernández, el 31 de mayo de 2017 emitimos una *Resolución* en la que le concedimos a éste un término de sesenta (60) días para cumplir con los requisitos de educación jurídica continua. Transcurrido el término provisto al referido letrado, éste incumplió con la orden de este Tribunal.

Ante el incumplimiento del licenciado Landrón Hernández, el 21 de junio de 2017 este Tribunal emitió una segunda *Resolución,* mediante la cual le concedimos al referido letrado un término final e improrrogable de treinta (30) días para cumplir con los requisitos del PEJC. El referido letrado incumplió nuevamente con la orden de esta Curia.

Narrado el trasfondo fáctico ante nos, procedemos, pues, a disponer del proceso disciplinario que nos ocupa.

II.

Sabido es que, el Código de Ética Profesional, 4 LPRA Ap. IX, dispone las normas mínimas que rigen la conducta de los miembros de la profesión legal en el País. *In re López Santos*, 194 DPR 960 (2016); *In re De Jesús Román,* 192 DPR 799, 802 (2015); *In re Vera Vélez*, 192 DPR 216 (2015). En esa dirección, y a los fines de viabilizar el objetivo de representación legal adecuada para toda persona, el Canon 2 del Código de Ética Profesional establece que los abogados y las abogadas deben "*realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".* 4 LPRA Ap. IX, C. 2. (Énfasis suplido).

En aras de lograr dicho objetivo, esta Curia adoptó el *Reglamento de Educación Jurídica Continua*, 4 LPRA Ap. XVII-D, según enmendado (en adelante, "Reglamento del PEJC"). A través de dicha reglamentación, se les requiere a los miembros de la profesión legal a tomar al menos veinticuatro (24) horas créditos en cursos de educación jurídica continua acreditados cada tres (3) años.[2] Dicho Reglamento, además, estableció que, los profesionales del Derecho que cumplen con los requisitos del PEJC tardíamente, deben presentar un informe con las razones por las cuales incumplieron a tiempo con los

---

[2] En el referido Reglamento, además, se establecieron las excepciones a dicho requerimiento. Véase, Regla 4(C) del *Reglamento del PEJC*, *supra*.

requisitos, así como pagar una multa por cumplimiento tardío. Regla 30 del Reglamento del PEJC, *supra*.

Ahora bien, tras el incumplimiento de un miembro de la profesión legal con los requisitos del PEJC, el Director del PEJC le citará para una vista informal ante un oficial examinador, en la que el letrado en cuestión deberá explicar las razones por las cuales incumplió con su deber ético. *Íd.*, Regla 32. En el escenario en que el abogado o la abogada no comparezca a la vista, la Junta del PEJC deberá remitir el asunto ante la consideración de este Tribunal para el proceso disciplinario de rigor. *Íd.*; *In re Cabán Arocho*, 2017 TSPR 104, 198 DPR 1112 (2017). Véanse, además, *In re Gómez Riefkohl*, 2017 TSPR 41, 197 DPR 1093 (2017); *In re Vázquez Borrero*, 2017 TSPR 85, 198 DPR 1112 (2017).

Establecido lo anterior, conviene recordar lo que hemos expresado una y otra vez en el contexto del incumplimiento con los requisitos de educación jurídica continua: "*[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos administrativos por parte de ese programa, sino que, además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional*". *In re Cabán Arocho*, *supra*, pág. 8; *In re López Santos*, *supra*, pág. 4. Así pues, en los casos que los abogados y las abogadas desatienden los requerimientos del PEJC e incumplen con los requisitos de educación jurídica continua conforme a lo

dispuesto en el Reglamento del PEJC, *supra,* este Tribunal se ha visto obligado a suspenderles indefinidamente. *In re Cabán Arocho*, *supra*, pág. 8; *In re Rodríguez Gerena*, 2017 TSPR 40, pág. 4, 197 DPR 1093 (2017); *In re Ortiz Soto*, 2016 TSPR 226, pág. 10.

### III.

De otra parte, y por ser en extremo pertinente al asunto que nos ocupa, conviene recordar que el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, requiere que todo abogado y abogada observe "*para con los tribunales una conducta que se caracterice por el mayor respeto*". *In re Cruz Liciaga*, 2017 TSPR 160, pág. 4; *In re López Méndez,* 196 DPR 956 (2016); *In re Montalvo Delgado,* 196 DPR 541 (2016); *In re Torres Rodríguez,* 188 DPR 304 (2013). Al interpretar el mencionado canon, hemos reiterado el deber de todo abogado y abogada de comparecer y responder a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por el foro judicial. *In re Rivera Navarro,* 193 DPR 303 (2015); *In re Irizarry Irizarry,* 190 DPR 368 (2015); *In re Nieves Nieves,* 181 DPR 25 (2011). *Véase,* además, *In re Otero Fernández,* 145 DPR 582 (1998).

La desatención o el incumplimiento con las órdenes judiciales constituyen también un serio agravio a la autoridad de los tribunales y, a su vez, constituye una infracción al Canon 9 del Código de Ética Profesional,

*supra. In re López Méndez, supra; In re Pestaña Segovia,* 192 DPR 485 (2015); *In re García Incera,* 177 DPR 329 (2010); *In re Maldonado Rivera,* 147 DPR 380 (1999). Al respecto, hemos expresado que en el momento en que un abogado o abogada falla en responder de forma oportuna y diligente a nuestras órdenes, procede la suspensión del ejercicio de la profesión, ya que ello exhibe indiferencia a nuestros apercibimientos y una violación del Canon 9, *supra. In re Grau Collazo*, 185 DPR 938, 944 (2012); *In re Rosario Martínez*, 184 DPR 494 (2012); *Galarza Rodríguez, Ex parte*, 183 DPR 228 (2011).

IV.

Como surge diáfanamente de los hechos antes mencionados, en el presente caso, el licenciado Landrón Hernández incumplió con los requisitos del PEJC para el periodo del 1 de marzo de 2009 al 28 de febrero de 2011. Con respecto a dicho periodo, el PEJC le envió varias comunicaciones al referido letrado que éste no respondió. Ante el incumplimiento del licenciado Landrón Hernandez, el PEJC le citó para una vista informal el 28 de enero de 2014, a la cual éste no asistió.

De otra parte, el referido letrado tampoco ha cumplido con los requisitos del PEJC para los periodos de 1 de marzo de 2011 al 28 de febrero de 2013 y de 1 de marzo de 2013 al 28 de febrero de 2015, periodos para los cuales se le notificaron los *Avisos de Incumplimientos* correspondientes.

A los mismos, el licenciado Landrón Hernández nunca respondió.

Por último, el Tribunal emitió dos (2) *Resoluciones* exigiéndole al referido letrado el cumplimiento con los requisitos del PEJC antes mencionados. El licenciado Landrón Hernández hizo caso omiso a las mismas.

En fin, el referido letrado se ha conducido con total indiferencia ante las órdenes de este Tribunal y con los requerimientos del PEJC, violentando de esta forma lo dispuesto en los Cánones 2 y 9 del Código de Ética Profesional, *supra*. Procede, pues, su suspensión del ejercicio de la profesión legal.

## V.

En vista de lo anterior, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se le impone al letrado el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial del licenciado Landrón Hernández queda automáticamente cancelada; ésta se considerará buena y

válida por tres (3) años después de su terminación en cuanto a los actos realizados por el referido letrado durante el periodo en que la misma estuvo vigente.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del licenciado Landrón Hernández y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re*


Héctor Landrón Hernández          Núm. TS-5,485


SENTENCIA

En San Juan, Puerto Rico, 5 de marzo de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Lcdo. Héctor Landrón Hernández inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone al letrado el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial del licenciado Landrón Hernández queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el referido letrado durante el periodo en que la misma estuvo vigente.

Finalmente, el Alguacil de  este Tribunal deberá incautar la  obra  y sello  notarial  del  licenciado Landrón Hernández y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo  acordó  el  Tribunal  y  certifica  el  Secretario  del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              José  Ignacio  Campos  Pérez
                              Secretario del Tribunal Supremo