EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Graciela Vázquez Lagomarsini | 2020 TSPR 139 205 DPR _____ |
|---|---|

Número del Caso: TS-18,872

Fecha: 6 de noviembre de 2020

Sra. Graciela Vázquez Lagomarsini:

    Por derecho propio

Programa de Educación Jurídica Continua:

    Lcda. María C. Molinelli González
    Directora Ejecutiva

Materia: La suspensión será efectiva el 10 de noviembre de 2020, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Graciela Vázquez Lagomarsini          TS-18,872

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 6 de noviembre de 2020.

Nuevamente nos vemos en la obligación de ejercer nuestra facultad disciplinaria para suspender inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a un miembro de la profesión legal, por incumplir con los requerimientos del Programa de Educación Jurídica Continua (PEJC o Programa) y con las órdenes de este Tribunal. Veamos.

I

La Lcda. Graciela Vázquez Lagomarsini (licenciada Vázquez Lagomarsini o letrada) fue admitida al ejercicio de la abogacía el 7 de marzo de 2012 y prestó juramento como notaria el 8 de mayo de 2012.

El 12 de abril de 2019 la Directora Ejecutiva del PEJC, Lcda. María Cecilia Molinelli González

(licenciada Molinelli González o Directora Ejecutiva del PEJC), presentó ante este Tribunal un *Informe sobre incumplimiento con el requisito de educación jurídica continua* (Informe) mediante el cual expuso que la licenciada Vázquez Lagomarsini no había completado los créditos de educación jurídica continua requeridos para el periodo del 1 de septiembre de 2014 al 31 de agosto de 2017. Sostuvo que el Programa le envió a la letrada un *Aviso de Incumplimiento* por medio del cual le concedió un término de treinta (30) días para justificar su cumplimiento tardío, así como un término de sesenta (60) días para subsanar su incumplimiento y pagar una multa por cumplimiento tardío, según dispuesta en la Regla 30 del Reglamento del PEJC, 4 LPRA Ap. XVII-F. La Directora Ejecutiva del PEJC manifestó que, a pesar de las oportunidades ofrecidas, la licenciada Vázquez Lagomarsini no había cumplido con los requisitos reglamentarios de educación jurídica continua para el periodo señalado. Finalmente, la licenciada Molinelli González expresó preocupación ante la actitud de desidia exhibida por la licenciada Vázquez Lagomarsini al desaprovechar las múltiples oportunidades que le fueron concedidas para subsanar su incumplimiento.

El 28 de mayo de 2019 emitimos una *Resolución* en la que le concedimos a la licenciada Vázquez Lagomarsini un término de veinte (20) días para que compareciera ante este Tribunal y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por su incumplimiento con los

requisitos de educación jurídica continua y por no haber comparecido ante el PEJC cuando le fue requerido.

Oportunamente, el 20 de junio de 2019, la licenciada Vázquez Lagomarsini presentó una *Moción en cumplimiento de orden y en solicitud de prórroga* en la que manifestó que asuntos personales le habían impedido completar los dos (2) créditos de educación jurídica continua restantes para cumplir con los requisitos del Programa para el periodo señalado. Asimismo, reconoció el deber de todo miembro de la profesión legal de cumplir cabalmente con las órdenes, reglas y dictámenes de este Tribunal, a la vez que expresó sus más sinceras disculpas a este Foro. De esta forma, solicitó una prórroga de veinte (20) días para completar los créditos de educación jurídica continua requeridos para el periodo en cuestión.

Más adelante, el 5 de agosto de 2019, la letrada presentó una *Comparecencia en cumplimiento con la Regla 30(B) del Reglamento del Programa de Educación Jurídica Continua*, en la que manifestó haber tomado los dos (2) créditos necesarios para cumplir con los requisitos del PEJC para el periodo del 1 de septiembre de 2014 al 31 de agosto de 2017. Para acreditar su cumplimiento, acompañó a la referida moción un certificado de participación expedido por un proveedor de educación jurídica continua, en el cual se expresa que el 2 de agosto de 2019, la licenciada Vázquez Lagomarsini participó y completó cuatro (4) horas crédito de educación jurídica continua en notaría.

Así las cosas, el 15 de agosto de 2019 la licenciada Molinelli González compareció ante este Tribunal a través de una *Certificación*. Por medio de ésta, nos informó que la licenciada Vázquez Lagomarsini había cumplido con los créditos requeridos para el periodo del 1 de septiembre de 2014 al 31 de agosto de 2017, pero no así con el pago de las multas por cumplimiento tardío y referido impuestas al amparo de las Reglas 30(e) y 32(d) del Reglamento del PEJC, 4 LPRA Ap. XVII-F.

Como resultado de lo anterior, el 18 de septiembre de 2019, emitimos una *Resolución* en la que, además de darnos por enterados de la moción presentada por la licenciada Vázquez Lagomarsini el 5 de agosto de 2019, le otorgamos a la letrada un término de veinte (20) días, contados a partir de la notificación de esa *Resolución*, para acreditar el pago de las multas impuestas por cumplimiento tardío y referido señaladas, para un total de $150.00. No obstante, la letrada no cumplió con lo ordenado por este Tribunal.

Siendo así, por medio de una *Resolución* emitida el 23 de enero de 2020, concedimos a la licenciada Vázquez Lagomarsini un término final de veinte (20) días, contado a partir de la notificación de dicha *Resolución*, para que cumpliera con nuestra *Resolución* del 18 de septiembre de 2019. Además, apercibimos a la letrada que su incumplimiento podría conllevar sanciones severas, incluyendo su suspensión del ejercicio de la abogacía. Sin

embargo, la licenciada Vázquez Lagomarsini incumplió una vez más con lo ordenado por este Tribunal.

Posteriormente, el 26 de octubre de 2020, la Directora del PEJC compareció ante este Tribunal mediante una *Certificación*. De acuerdo con la misma, la licenciada Vázquez Lagomarsini continua en incumplimiento con los requerimientos del PEJC y, por consiguiente, con las órdenes de este Tribunal.

A la luz del cuadro fáctico expuesto, procedemos a disponer del proceso disciplinario ante nuestra consideración.

## II

En el ejercicio de nuestra facultad inherente de regular la profesión legal, tenemos la obligación de asegurarnos de que los profesionales del derecho admitidos al ejercicio de la abogacía lleven a cabo sus funciones responsable, competente y diligentemente. In re Lewis Maymó, 2020 TSPR 118, 204 DPR ___ (2020).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C.9, le requiere a todos los miembros de la profesión legal "observar para con los tribunales una conducta que se caracterice por el mayor respeto". In re Cintrón Rodríguez, 2020 TSPR 115, 205 DPR ___ (2020); In re Torres Acevedo, 2020 TSPR 108, 205 DPR ___ (2020); In re Landrón Hernández, 2019 TSPR 41, 201 DPR __ (2019). Acorde con ese mandato, hemos insistido en el ineludible deber que tienen todos los abogados de cumplir pronta y diligentemente con las órdenes

de este Tribunal, especialmente cuando se trata de procesos disciplinarios. In re Cintrón Rodríguez, *supra*; In re López Cordero, 2018 TSPR 80, 200 DPR ___ (2018); In re Rivera Navarro, 193 DPR 303, 311-312 (2015). Asimismo, hemos señalado que dicho deber "se extiende a los requerimientos hechos por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua". In re Cintrón Rodríguez, *supra*; In re López Pérez, 201 DPR 123, 126 (2018); In re Arocho Cruz, 200 DPR 352, 361 (2018). Cónsono con lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los letrados como una afrenta a la autoridad de los tribunales, lo que constituye una infracción al Canon 9 del Código de Ética Profesional, *supra*, y resulta ser suficiente para decretar la separación inmediata e indefinida de la profesión. In re López Pérez, *supra*, pág. 126; In re Canales Pacheco, 200 DPR 228, 233 (2018).

### III

De los hechos reseñados se puede colegir que la licenciada Vázquez Lagomarsini ha desatendido las órdenes emitidas por este Tribunal. Ello, incluso a pesar de nuestros apercibimientos a los efectos de las consecuencias que su incumplimiento podría acarrear.

Sin duda alguna, el comportamiento de la letrada se distancia de la conducta de respeto hacia los tribunales que el Canon 9 del Código de Ética Profesional, *supra*, exige a todos los miembros de la profesión legal y constituye una

actitud de menosprecio e indiferencia a nuestra autoridad, lo que resulta ser suficiente para decretar su suspensión inmediata e indefinida de la práctica de la profesión legal.

A tono con lo anterior, en virtud de nuestro poder inherente de reglamentar la abogacía, suspendemos inmediata e indefinidamente a la licenciada Vázquez Lagomarsini del ejercicio de la profesión legal.

## IV

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida de la licenciada Vázquez Lagomarsini del ejercicio de la abogacía y la notaría.

La señora Vázquez Lagormarsini deberá notificar inmediatamente a todos sus clientes su inhabilidad para continuar representándolos. Asimismo, deberá devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Igualmente, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en un futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial de la señora Vázquez Lagomarsini y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el

correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales de la señora Vázquez Lagomarsini queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Graciela Vázquez Lagomarsini          TS-18,872          Conducta
                                                          Profesional

SENTENCIA

En San Juan, Puerto Rico a 6 de noviembre de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Graciela Vázquez Lagomarsini del ejercicio de la abogacía y la notaría.

Le ordenamos notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en un futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial de la señora Vázquez Lagomarsini y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe.

Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales de la señora Vázquez Lagomarsini queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo