EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Ángel M. Bermúdez Tejero | 2021 TSPR 8<br><br>205 DPR \_\_\_\_\_ |

Número del Caso:  AB-2019-141
                  AB-2019-234


Fecha:  19 de enero de 2021


Abogado del promovido:

    Por derecho propio


Oficina del Procurador General:

    Lcda. Lorena Cortés Rivera
    Subprocuradora General

    Lcda. Gisela Rivera Matos
    Procuradora General Auxiliar

    Lcdo. Isaías Sánchez Báez
    Procurador General

    Lcdo. Pedro A. Vázquez Montijo
    Subprocurador General


Materia:  La suspensión será efectiva el 27 de enero de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ángel M. Bermúdez Tejero
    (TS-19,854)

AB-2019-141      Conducta
AB-2019-234      Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 19 de enero de 2021.

Nuevamente nos vemos en la obligación de ejercer nuestra facultad disciplinaria para suspender inmediata e indefinidamente del ejercicio de la abogacía y la notaría a un miembro de la profesión legal por su incumplimiento con las órdenes y requerimientos de este Tribunal. Como explicaremos más adelante, el letrado a quien hoy suspendemos tiene dos (2) asuntos pendientes ante este Tribunal, originados por una queja y un referido del Tribunal de Apelaciones, respectivamente. La desatención hacia las órdenes relacionadas con estos asuntos fue lo que dio lugar a la sanción disciplinaria que hoy imponemos. Veamos:

## I

El Lcdo. Ángel M. Bermúdez Tejero (licenciado Bermúdez Tejero o letrado) fue admitido al ejercicio de la abogacía el 5 de febrero de 2014 y prestó juramento como notario el 2 de julio del mismo año. Como señaláramos, existen ante este Tribunal dos (2) asuntos relacionados con el letrado cuya desatención resultó en la sanción disciplinaria que hoy imponemos.

### A. Trámite disciplinario (AB-2019-141)

El 24 de junio de 2019 el Sr. José Daniel Rodríguez Rivera (señor Rodríguez Rivera) presentó una queja en contra del licenciado Bermúdez Tejero. Sostuvo que en abril de 2019 solicitó la renuncia del letrado motivado por la falta de comunicación con éste. Asimismo, afirmó que su caso fue desestimado anteriormente debido a la inacción del licenciado Bermúdez Tejero y que, debido a la falta de comunicación con el letrado, desconocía por completo el estado de su caso.

Mediante una misiva de 9 de julio de 2019, la entonces Subsecretaria de este Tribunal, Lcda. Sonnya Isabel Ramos Zeno (Subsecretaria), remitió al licenciado Bermúdez Tejero la copia de la queja presentada en su contra y le concedió un término de diez (10) días, contado a partir de la notificación de esa comunicación, para presentar su contestación a la queja. Asimismo, le apercibió que, de no comparecer en el término provisto, la queja sería referida a la Oficina del Procurador General, la Oficina

de Inspección de Notarías o al Pleno de este Tribunal para la acción correspondiente, lo que incluía la imposición de sanciones disciplinarias severas tales como la suspensión del ejercicio de la profesión. No obstante, **el letrado incumplió con el término provisto, y por ello**, el 8 de agosto de 2019, la Subsecretaria le envió una segunda notificación.[1] Así, le proveyó al letrado un término final de diez (10) días, contado a partir de la notificación de esa comunicación, para presentar su contestación a la queja. En esa ocasión, el licenciado Bermúdez Tejero fue apercibido que, de no comparecer en el término concedido, la queja sería referida para investigación a la Oficina del Procurador General sin el beneficio de su comparecencia.

**Pasado el término provisto sin que el letrado compareciera**, el 23 de septiembre de 2019 la Subsecretaria remitió una copia del expediente de la queja a la Oficina del Procurador General para su investigación y la preparación del informe correspondiente. Hizo constar que envió dos (2) notificaciones al licenciado Bermúdez Tejero para que contestara la queja, la primera, a la dirección oficial de notificaciones que aparece en el Registro Único de Abogados y Abogadas (RUA) y la segunda, al correo electrónico registrado en el RUA, pero éste no compareció.

El 21 de noviembre de 2019 la Oficina del Procurador General presentó una *Moción informativa y en solicitud de*

---

[1] La misiva fue notificada ese mismo día.

*término* en la que informó que, luego de examinar y estudiar el caso, envió un *Requerimiento* al letrado para que contestara la queja. En dicha moción el Procurador General expresó que, una vez recibida la respuesta del licenciado Bermúdez Tejero, consideró necesario ampliar la investigación del caso, por lo que el 1 de noviembre de 2019 envió sendos *Requerimientos de información* al letrado y al señor Rodríguez Rivera, a quienes concedió hasta el 15 de noviembre de 2019 para que presentaran sus respectivas contestaciones. Mediante su moción la Oficina del Procurador General nos solicitó también un término adicional de treinta (30) días para presentar su informe, lo que le concedimos mediante una *Resolución* emitida el 20 de diciembre de 2019.

Así las cosas, el 29 de enero de 2020 la Oficina del Procurador General presentó una nueva *Moción informativa y en solicitud de orden*. En lo pertinente, informó que a pesar de que el letrado recibió el *Requerimiento de información* el 4 de noviembre de 2019, no lo contestó ni solicitó un término adicional para contestarlo. Expresó que, ante ello, el 14 de enero de 2020 envió una segunda comunicación al letrado, recibida por este último el 16 de enero de 2020, en la que le proveyó un término final para contestar el requerimiento y le apercibió sobre las consecuencias que su incumplimiento podría acarrear. Expuso que, a pesar de ello, el letrado no cumplió con lo ordenado, por lo que solicitó que le ordenáramos al

licenciado Bermúdez Tejero a contestar el *Requerimiento de información* del 1 de noviembre de 2019 y le concediéramos a la Oficina del Procurador General un término adicional de treinta (30) días para presentar su informe.

El 13 de febrero de 2020 emitimos una *Resolución*[2] en la que le otorgamos al licenciado Bermúdez Tejero un **término perentorio** de diez (10) días, contados desde la notificación de esa *Resolución*, para que contestara todos los requerimientos de información y acreditara el cumplimiento con lo ordenado. Asimismo, apercibimos al letrado que el incumplimiento de dicha *Resolución* podría conllevar la imposición de sanciones severas, incluyendo la suspensión del ejercicio de la profesión. **No obstante, el licenciado Bermúdez Tejero no compareció según ordenado.**

### B. Trámite disciplinario (AB-2019-234)

El 15 de octubre de 2019 el Tribunal de Apelaciones emitió una *Resolución* en el caso Departamento del Trabajo y Recursos Humanos v. Parador Oasis, Inc., Civil Núm. KLCE201801506, en la que expresó, en síntesis, que luego de proveerle tres (3) oportunidades a la parte peticionaria en ese caso, Parador Oasis, Inc. (Parador), para notificar y acreditar la notificación del recurso de *certiorari* al foro apelado, dicha parte incumplió con lo ordenado, razón por la cual le **impuso al representante**

---

[2]  La misma le fue notificada personalmente al letrado el 26 de febrero     de 2020.

**legal de Parador, licenciado Bermúdez Tejero, una sanción de $150 a pagarse en la Secretaría del Tribunal de Apelaciones en o antes del 26 de febrero de 2019.** El foro apelativo intermedio advirtió al letrado que el incumplimiento con dicha orden conllevaría la desestimación del recurso de *certiorari*.

El 18 de marzo de 2019 el Tribunal de Apelaciones emitió una *Sentencia* en la que desestimó el recurso de *certiorari* por el incumplimiento de Parador con lo ordenado por el foro apelativo intermedio. Más adelante, ante una Moción de Reconsideración presentada por Parador, el Tribunal de Apelaciones emitió una *Resolución* en la que, además de denegar la referida solicitud de Parador, **ordenó nuevamente al licenciado Bermúdez Tejero a pagar la sanción económica impuesta y le advirtió que su incumplimiento con lo ordenado podía provocar que fuera referido ante este Foro.**

Posteriormente, **debido al incumplimiento del letrado con lo ordenado,** el foro apelativo intermedio emitió una *Resolución* en la que le ordenó al licenciado Bermúdez Tejero mostrar causa por la cual no debía ser referido ante este Tribunal por su inacción. **Sin embargo, el letrado volvió a incumplir con lo ordenado por el foro apelativo intermedio,** por lo que el 4 de noviembre de 2019 el Tribunal de Apelaciones emitió una *Resolución sobre referido al Tribunal Supremo* por medio de la cual refirió

el asunto ante este Foro para el trámite disciplinario correspondiente.

El 9 de diciembre de 2019 la Subsecretaria informó al licenciado Bermúdez Tejero sobre el referido presentado por el Panel IV del Tribunal de Apelaciones. A su vez, le indicó que, habiéndose acogido como una queja en su contra, contaba con un término de diez (10) días, contado a partir de la notificación de dicha comunicación, para presentar su contestación. El letrado fue apercibido que, de no comparecer en el término provisto, la queja sería referida a la Oficina del Procurador General o al Pleno de este Tribunal para la acción correspondiente, incluyendo la imposición de sanciones severas, tal como la suspensión del ejercicio de la profesión. **Sin embargo, el letrado no presentó su contestación a la queja.**

Por tal razón, la Subsecretaria envió una *Segunda notificación* al licenciado Bermúdez Tejero mediante la cual le concedió un **<u>término final</u>** de diez (10) días, a partir de la notificación de esa comunicación,[3] para presentar su contestación a la queja. En esa ocasión, apercibió al letrado que, de no comparecer dentro del término provisto, la queja sería referida inmediatamente al Pleno de este Tribunal para la acción correspondiente, incluyendo la imposición de sanciones severas, como lo sería la suspensión del ejercicio de la profesión.

---

[3]   La misiva fue notificada al letrado el 22 de enero de 2020.

**Como resultado del incumplimiento del letrado con el término provisto**, el 6 de febrero de 2020 la Subsecretaria remitió copia del expediente de la queja a la Oficina del Procurador General para su investigación e informe. Señaló que aun cuando le fueron enviadas dos (2) notificaciones, la primera a través de su dirección de correo postal y la segunda a la dirección de su correo electrónico, ambas registradas en RUA, el letrado no compareció ante este Tribunal para exponer su posición y contestar la queja presentada.

El 11 de febrero de 2020 la Oficina del Procurador General envió un *Primer requerimiento* al licenciado Bermúdez Tejero por medio del cual le concedió un término de siete (7) días, contado a partir de su notificación, para que proveyera su contestación a la queja. Además, le recordó su obligación de cumplir con el término provisto y que su incumplimiento podría acarrear sanciones independientes a la queja presentada. **Nuevamente, el licenciado Bermúdez Tejero no compareció.**

El 11 de marzo de 2020 la Oficina del Procurador General compareció por medio de un *Informe del Procurador General*. Expuso que a pesar de las dos (2) comunicaciones enviadas por la Secretaría de este Tribunal y el requerimiento emitido por su Oficina, el licenciado Bermúdez Tejero no había contestado la queja presentada en su contra. Puntualizó que el letrado tenía conocimiento de dicha queja pues había reclamado el requerimiento en el

correo y que, aun así, había demostrado una actitud de indiferencia y desidia para con este Tribunal, así como para con la Oficina del Procurador General. De esta forma, razonó que, con su inacción, el licenciado Bermúdez Tejero infringió los Cánones 9 y 12 de Ética Profesional, *infra*, y le impidió realizar una investigación completa sobre los méritos de la queja presentada. Así, recomendó la suspensión inmediata e indefinida del letrado del ejercicio de la abogacía y la notaría.

El 21 de julio de 2020 emitimos una *Resolución* - enmendada el 20 de agosto de 2020-**4** en la que le otorgamos al licenciado Bermúdez Tejero un término de veinte (20) días, contado a partir de la notificación de esa *Resolución*, para que se expresara sobre el *Informe del Procurador General*. Advertimos al letrado que, de no comparecer dentro del referido término, entenderíamos que se allanaba a las recomendaciones hechas en el referido informe.

El 10 de septiembre de 2020 el licenciado Bermúdez Tejero presentó una *Solicitud de prórroga* en la que solicitó un término adicional de veinticuatro (24) horas para expresarse sobre el *Informe del Procurador General*. Al día siguiente, presentó un *Escrito exponiendo posición sobre Informe del Procurador General*. Por medio de éste, ofreció sus más sinceras disculpas a este Foro y a la

---

**4** La *Resolución* original fue notificada el 29 de julio de 2020, mientras que la versión enmendada fue notificada el 21 de agosto de 2020.

Oficina del Procurador General. Manifestó que su incomparecencia, aunque pareciera motivada por la desidia, se debió a su incapacidad de afrontar esta situación que, según señaló, lo inmovilizaba cada vez que intentaba redactar los escritos. De esta forma, el letrado solicitó que se le permitiera presentar su contestación formal ante la Oficina del Procurador General de manera que se pudiera investigar la queja, la cual a su entender, se trata de un error en el manejo de documentos en la Secretaría del Tribunal de Apelaciones. Específicamente, adujo que el referido por parte del Tribunal de Apelaciones fue motivado por un supuesto incumplimiento reiterado con la consignación de $150 en sellos de rentas internas que fuera ordenada. Indicó que, no obstante, consignó esa cantidad por medio de la Moción de Reconsideración que presentó ante ese foro el 3 de abril de 2019. De esta forma, solicitó que permitiéramos la reapertura de la fase investigativa de esta queja. En la alternativa, peticionó que, de determinar la imposición de una sanción, ésta fuera mínima, pues con su conducta no lesionó los intereses de particulares ni impidió el trámite de los casos de alguno de sus representados.

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C.9, le requiere a todos los miembros de la profesión legal "observar para con los tribunales una conducta que se caracterice por el mayor respeto". In re Cintrón

Rodríguez, 2020 TSPR 115, 205 DPR ___ (2020); In re Torres Acevedo, 2020 TSPR 108, 205 DPR ___ (2020); In re Landrón Hernández, 2019 TSPR 41, 201 DPR __ (2019). Acorde con ese mandato, hemos sido consistentes al puntualizar el ineludible deber que tienen todos los abogados de cumplir pronta y diligentemente con las órdenes de este Tribunal, especialmente cuando se trata de procesos disciplinarios. In re Cintrón Rodríguez, *supra*; In re López Cordero, 2018 TSPR 80, 200 DPR ___ (2018); In re Rivera Navarro, 193 DPR 303, 311-312 (2015). Dicho deber "se extiende a los requerimientos hechos por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua". In re Cintrón Rodríguez, *supra*; In re López Pérez, 201 DPR 123, 126 (2018); In re Arocho Cruz, 200 DPR 352, 361 (2018). Y es que, la desatención por parte de los letrados de los requerimientos realizados durante un proceso disciplinario no sólo denota indisciplina, desobediencia y falta de respeto hacia las autoridades, sino que además causa demoras irrazonables en el trámite de los casos, afectando la administración de la justicia. In re López Santiago, 199 DPR 797, 808-809 (2018); In re Cuevas Velázquez, 174 DPR 433, 444 (2008). Por esta razón, hemos expresado que la desatención de nuestras órdenes por parte de los abogados resulta en una afrenta a la autoridad de los tribunales, lo que constituye una infracción al Canon 9 del Código de Ética Profesional, *supra*, y es suficiente

para decretar la separación inmediata e indefinida de la profesión. In re López Pérez, *supra*, pág. 126; In re Canales Pacheco, 200 DPR 228, 233 (2018).

Cabe señalar que los letrados que incurren en la desatención de nuestras órdenes también infringen el Canon 12 del Código de Ética Profesional, 4 LPRA Ap. IX, C.4, el cual, además de imponer a los abogados el deber de tramitar las causas de sus clientes con puntualidad y diligencia, les requiere cumplir estrictamente con las órdenes judiciales, quedando, en caso de incumplirlas, sujetos a sanciones disciplinarias. In re López Santiago, *supra,* pág. 810. Así, el Canon 12 del Código de Ética Profesional, *supra*, ha servido como fundamento para exigirle a los abogados que respondan con rapidez los requerimientos relacionados con quejas presentadas en su contra por conducta profesional. Íd.; In re Villalba Ojeda, 193 DPR 966, 974 (2015). De esta forma, hemos indicado que "se infringe el Canon 12 cuando [los abogados] no responden a las resoluciones del Tribunal Supremo ni comparecen para responder una queja que se ha presentado en su contra", actuación que podría conllevar graves sanciones disciplinarias. In re López Santiago, *supra*, pág. 810.

**III**

El licenciado Bermúdez Tejero ha exhibido un patrón de incumplimiento con las órdenes y requerimientos de este Tribunal, a pesar de las oportunidades provistas y de

nuestros apercibimientos sobre las consecuencias que su incumplimiento podría acarrear. Ciertamente, la conducta desplegada por el letrado en los dos (2) asuntos reseñados resulta ser un grave desafío a la autoridad de este Foro y una clara violación a los Cánones 9 y 12 del Código de Ética Profesional, *supra*.

A tono con lo anterior, en virtud de nuestro poder inherente de reglamentar la abogacía, suspendemos inmediata e indefinidamente al licenciado Bermúdez Tejero del ejercicio de la profesión legal.

**IV**

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida del licenciado Bermúdez Tejero del ejercicio de la abogacía y la notaría.

El señor Bermúdez Tejero deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos. Asimismo, deberá devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Igualmente, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale si lo solicitare.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial del señor Bermúdez Tejero y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Bermúdez Tejero queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

|                          | AB-2019-141 | Conducta   |
| ------------------------ | ----------- | ---------- |
| Ángel M. Bermúdez Tejero | AB-2019-234 | Profesional |

(TS-19,854)

SENTENCIA

En San Juan, Puerto Rico a 19 de enero de 2021.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Ángel M. Bermúdez Tejero del ejercicio de la abogacía y la notaría.

Le ordenamos notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en un futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial del señor Bermúdez Tejero y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen                    e                    informe.

Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Bermúdez Tejero queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión *Per Curiam* y Sentencia al            Sr. Ángel M. Bermúdez Tejero.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo